## COLEMAN *v.* STATE

[No. 142, September Term, 1959.]

*Decided November 23, 1959.*

The cause was argued before BRUNE, C. J., and HENDER-SON, HAMMOND, PRESCOTT and HORNEY, JJ.

*Fred E. Weisgal,* for appellant.

*James H. Norris, Jr., Special Assistant Attorney General,* with whom were *C. Ferdinand Sybert, Attorney General, Joseph S. Kaufman, Assistant Attorney General,* and *C. Osborne Duvall, State's Attorney for Anne Arundel County,* on the brief, for appellee.

HENDERSON, J., delivered the opinion of the Court.

In this case, as in *State v. D'Onofrio,* 221 Md. 20, we granted leave to appeal in a proceeding under the Post Conviction Procedure Act, Code (1959 Supp.), Art. 27, Secs. 645A-645I, and the two cases were argued successively. Here, the court below denied the petition, which was based upon alleged perjured testimony. The original trial was held on August 26, 1955, the appellant being convicted, by the court without a jury, of breaking and entering, and sentenced to a term of five years. Appeal was taken to this Court and the judgment affirmed. *Coleman v. State,* 209 Md. 379. It appeared that certain television sets and radios were forcibly taken from a store in Glen Burnie in the early morning of April 7, 1955. A police officer saw a truck going the wrong

way on a one-way street in Glen Burnie at about 1:30 A. M. He hailed it, but the driver drove away. The truck was abandoned at the "dead end" of the street, and the four occupants fled. Loretta Cox, and Dellavox were picked up in the vicinity shortly thereafter. The police officer could identify only one of the occupants, Myers. The abandoned truck, which had been stolen, contained the stolen articles mentioned above.

Loretta Cox, sixteen years old at the time of the burglary, testified she knew Coleman and the other boys and was with them in the truck. She sat in the truck with Dellavox while Myers and Coleman went to get coffee. She heard a crash and they came back with certain boxes, and drove off. The police chase ensued almost at once. She had gone for a ride with the three boys, but had heard no previous discussion as to a burglary, and knew nothing about their intentions. The chief contention raised in the case was that Loretta Cox was an accomplice, and that her testimony was uncorroborated. No other witness connected Coleman with the burglary. She was not tried for any crime, but had been before the juvenile court. There was no evidence as to the outcome of that proceeding. We held that the trial court's finding that she was not an accomplice was not clearly wrong.

The appeal was argued on February 8, 1956. On February 16, 1956, the attorney for the appellant filed in this Court an affidavit purportedly made by Loretta Cox on that date, indicating that she had heard the proposal to steal a car and burglarize a store, some days before, and had full knowledge of their intent to commit the crime; that she had been guilty of perjury at the trial. He asked this Court to stay its decision and remand the case to permit the filing of a motion for new trial on the basis of newly discovered evidence. We held that we had no authority to grant the motion, citing *Madison v. State,* 205 Md. 425. For the reasons set out at length in *State v. D'Onofrio, supra,* we find no error in the refusal of the court below to grant relief under the Post Conviction Procedure Act. It is conceded that the State had no knowledge of the alleged perjury until after the trial of the original case. There is no showing of a denial of any con-

stitutional right. We think there is no remedy under any of the grounds spelled out in the new Act. That Act, as we have just held in *State v. D'Onofrio, supra,* is a procedural statute and does not create new *grounds* for granting post conviction relief. It covers those previously available under other forms of procedure and sets up new and improved methods of dealing with such matters. The change in Loretta Cox's testimony would not afford a basis for relief under habeas corpus or coram nobis procedures or any other common law remedy to which our attention has been called.

In *Coleman v. State, supra,* we pointed out that under Rule 10 (c) (now Maryland Rule 744 c) the trial court still retained power (within ninety days after sentence, or receipt of a mandate) to reduce a sentence. It appears that within the time allowed, application was made to the trial judge, who considered the affidavit in that connection, suspended the sentence and placed the appellant on probation for a period of five years. Thereafter, the appellant was tried on an assault charge in Baltimore City, convicted and sentenced to two years. On January 8, 1957, the trial judge in Anne Arundel County after a hearing revoked probation and ordered that the appellant serve the original sentence of five years. There was no appeal from either of these subsequent convictions. We find nothing in the record that would have entitled the petitioner to relief in the instant case.

*Order affirmed.*