## RICE *v.* WARDEN OF MARYLAND PENITENTIARY

[P. C. No. 48, September Term, 1959.]

*Decided December 21, 1959.*

Before BRUNE, C. J., and HENDERSON, HAMMOND, PRESCOTT and HORNEY, JJ.

PER CURIAM.

The Post Conviction Procedure Act is a procedural act and not an enlargement of substantive rights of review. *State v. D'Onofrio,* 221 Md. 20, 155 A. 2d 643. The question of the legality of search and seizure cannot be raised under the Act. *Banks v. Warden,* 220 Md. 652, 151 A. 2d 897; *Mears v. Warden,* 220 Md. 682, 155 A. 2d 72. After conviction a question of bail may not be raised on *habeas corpus, Brooks v. Warden,* 218 Md. 650, 145 A. 2d 569; nor may alleged irregularities in preliminary proceedings or procedures which may not be raised on *habeas corpus* be reviewed under the Post Conviction Procedure Act. For the above reasons, and for the reasons stated in the opinion and order of Judge Manley filed in this case in the Criminal Court of Baltimore on July 16, 1959, the application of Philip Raymond Rice for leave to appeal is denied.

*Application for leave to appeal denied.*