522 A.2d 1344

Barron MASON

v.

STATE of Maryland.

No. 152, Sept. Term, 1986.

Court of Appeals of Maryland.

April 2, 1987.

Michael R. Malloy, Asst. Public Defender, Baltimore (Alan H. Murrell, Public Defender, Baltimore, on the brief), for appellant.

Deborah K. Chasanow, Asst. Atty. Gen., Baltimore (Stephen H. Sachs, Atty. Gen. and Arthur A. Marshall, Jr., State's Atty. for Prince George's, Upper Marlboro County, on the brief), for appellee.

Argued before MURPHY, C.J., and ELDRIDGE, COLE, RODOWSKY, COUCH, McAULIFFE and ADKINS, JJ.

MURPHY, Chief Judge.

The Maryland Uniform Post Conviction Procedure Act (the Act), codified as Maryland Code (1957, 1982 Repl.Vol.), Article 27, §§ 645A–J, consolidates "into one simple statute all the remedies, beyond those that are incident to the usual procedures of trial and review, which are at present available for challenging the validity of a sentence of imprisonment." *See State v. D'Onofrio,* 221 Md. 20, 29, 155 A.2d 643 (1959). Section 645A(a)(1) of the Act authorizes the filing of a post conviction petition by an individual who claims that the sentence or judgment

"was imposed in violation of the Constitution of the United States or the constitution or laws of this State, or that the court was without jurisdiction to impose the sentence, or that the sentence exceeds the maximum authorized by law, or that the sentence is otherwise subject to collateral attack upon any ground of alleged error which would otherwise be available under a writ of habeas corpus, writ of coram nobis, or other common law or statutory remedy ..."

As originally enacted in 1958, the Act did not place any limit on the number of post conviction petitions which a

petitioner was entitled to file. However, by Chapter 647 of the Act of 1986, the General Assembly amended § 645A by adding new Subsection (a)(2) which provided that "[a] person may not file more than two petitions, arising out of each trial, for relief under this Subtitle." Section 2 of Chapter 647 provided "That this Act shall take effect July 1, 1986."

I

Barron Mason was convicted in the Circuit Court for Prince George's County of robbery and assault with intent to disable, and was sentenced to consecutive ten-year terms of imprisonment. The convictions were affirmed by the Court of Special Appeals on July 27, 1984 in an unreported opinion. Mason unsuccessfully petitioned for post conviction relief on September 19, 1984, and again on October 25, 1985. On September 5, 1986, after the July 1, 1986 effective date of Chapter 647, Mason filed a third petition for post conviction relief. The court (Melbourne, J.) declined to accept the petition, holding that because Mason had previously filed two post conviction petitions, he was foreclosed by Chapter 647 from filing a third petition. The Court of Special Appeals granted Mason's application for leave to appeal and transferred the case to its regular docket. We granted certiorari prior to decision by the intermediate appellate court to consider whether the two petition limit prescribed by the amendment to the Act applied retroactively and prospectively to all post conviction proceedings, to proceedings filed on and after July 1, 1986, or to proceedings arising from trials held on or after July 1, 1986.

II

Mason argues that the lower court erred in declining to accept his third petition because, at the time he filed his first two petitions, there was no limit on the number he could file; and thus he could not have been aware of the great importance of his earlier filed petitions. To reject his third petition, he suggests, would force him to resort to

common law post conviction remedies, and to habeas corpus proceedings in federal courts, a result that the Act was designed to avoid. Moreover, Mason urges that the amendment to § 645A(a) should apply only prospectively, as the Legislature did not expressly indicate an intent that it be applied retroactively. The State, on the other hand, argues that the Act affects procedural, and not substantive rights and, consequently, under pertinent rules of statutory construction, the amendment should be afforded both a retroactive as well as a prospective application. Accordingly, the State contends that Mason's third petition, filed after July 1, 1986, was properly rejected.

## III

The cardinal rule in construing statutes is, of course, to ascertain and effectuate the legislative intention. *Tucker v. Fireman's Fund Ins. Co.*, 308 Md. 69, 73, 517 A.2d 730 (1986); *Reid v. State*, 302 Md. 811, 816, 490 A.2d 1289 (1985); *Atlantic Richfield Co. v. Sybert*, 295 Md. 347, 361, 456 A.2d 20 (1983). To this end, the legislative history underlying the 1986 amendment to § 645A(a) is unenlightening as to the time standard governing the commencement date of the two petition limit. The brief committee reports make clear that the amendment's purpose was to permit a maximum of two petitions under the Act for convictions arising from one trial in order "to allow the judicial system to operate more efficiently while still affording the defendant adequate protection of his legal rights." In the circumstances, therefore, several well settled rules of statutory interpretation are applicable in seeking to ascertain the actual intention of the legislature. These are: (1) A statute is presumed to operate prospectively from its effective date, absent clear language to the contrary, or unless the manifest intention of the Legislature indicates otherwise;[1] (2) Despite the presumption of prospectivity, a statute effect-

---

1. *Washington Suburban Sanitary Commission v. Riverdale Hts. Volunteer Fire Co., Inc.,* 308 Md. 556, 560, 520 A.2d 1319 (1987); *Rigger v. Baltimore County,* 269 Md. 306, 310, 305 A.2d 128 (1973); *Kastendike*

ing a change in procedure only, and not in substantive rights, ordinarily applies to all actions whether accrued, pending or future, unless a contrary intention is expressed;[2] and (3) A statute affecting or impairing substantive rights will not operate retrospectively as to transactions, matters, and events not in litigation at the time the statute takes effect unless its language clearly so indicates.[3]

We have repeatedly stated that the Post Conviction Procedure Act is procedural in nature and is not designed to create new substantive grounds for post conviction relief not previously available under writs of habeas corpus or coram nobis or other statutory or common law remedies for challenging the validity of a sentence. *See, e.g., Wilson v. State,* 284 Md. 664, 671, 399 A.2d 256 (1979), *cert. denied,* 446 U.S. 921, 100 S.Ct. 1858, 64 L.Ed.2d 275 (1980); *State v. McCray,* 267 Md. 111, 297 A.2d 265 (1972); *Rice v. Warden of Md. Penitentiary,* 221 Md. 604, 156 A.2d 632 (1959); *Jordan v. State,* 221 Md. 134, 156 A.2d 453 (1959), *cert. denied,* 361 U.S. 972, 80 S.Ct. 606, 4 L.Ed.2d 552 (1960); *Coleman v. State,* 221 Md. 30, 155 A.2d 649 (1959); *State v. D'Onofrio,* 221 Md. 20, 155 A.2d 643 (1959). Rather, as we earlier indicated, the Act consolidates into one statute all of the post conviction remedies presently available for challenging the validity of a sentence. *Wilson v. State, supra,* 284 Md. at 675, 399 A.2d 256. Unlike its common law counterparts, however, the Act contains express provisions, *inter alia,* for a petitioner to proceed as an indigent, to seek

---

v. *Baltimore Ass'n,* 267 Md. 389, 395–96, 297 A.2d 745 (1972); *State Farm v. Hearn, Adm'x,* 242 Md. 575, 582, 219 A.2d 820 (1966); *Bell v. State,* 236 Md. 356, 369, 204 A.2d 54 (1964).

**2.** *Mraz v. County Comm'rs of Cecil Co.,* 291 Md. 81, 90, 433 A.2d 771 (1981); *Richardson v. Richardson,* 217 Md. 316, 320, 142 A.2d 550 (1958); *Beechwood Coal Co. v. Lucas,* 215 Md. 248, 254, 137 A.2d 680 (1958).

**3.** *Dixon v. Checchia,* 249 Md. 20, 23, 238 A.2d 247 (1968); *State Farm v. Hearn, Adm'x,* 242 Md. 575, 582, 219 A.2d 820 (1966); *Tax Comm. v. Power Company,* 182 Md. 111, 117, 32 A.2d 382 (1943).

the appointment of counsel, and to file applications for leave to appeal. Moreover, the Act appears to contain the only method of effectively obtaining review of contentions based on matters outside the record, including claims that the petitioner was deprived of his constitutional right to due process. *See Wilson v. State,* 227 Md. 99, 175 A.2d 775 (1962); *Brady v. State,* 222 Md. 442, 160 A.2d 912 (1960); *see also Valentine v. State,* 305 Md. 108, 112, 501 A.2d 847 (1985); *Covington v. State,* 282 Md. 540, 544, 386 A.2d 336 (1978); *State v. Zimmerman,* 261 Md. 11, 24, 273 A.2d 156 (1971).

■ Assuming that Mason's contentions in his third petition are properly cognizable under the Act, we think the lower court erred in its application of the provisions of § 645A(a)(2). Neither the language of the amendment, nor its legislative history, gives any clear indication as to whether it should be applied prospectively only, or prospectively as well as retrospectively.

Prospectivity is generally favored because of the potential for unfair interference with substantive rights that retroactive application may engender. *St. Comm'n on Human Rel. v. Amecom Div.,* 278 Md. 120, 123–24, 360 A.2d 1 (1976). We thus focus on whether the amendment affects only procedural matters or substantive rights of post conviction petitioners as well.

To circumscribe the number of petitions that may be filed in such a way as possibly to extinguish the right in its entirety does more than merely effect a procedural change; rather, it may have a profound impact upon a petitioner's preexisting ability under the Act's provisions to effectively challenge the validity of the sentence. Manifestly, in the present case, the refusal to permit Mason to file a third petition without considering the merits of his allegations totally nullified his ability to institute a proceeding formerly authorized by the Act.

By placing a limit on the number of petitions that could be filed, and by providing that the effective date of that limit would be July 1, 1986, we do not think it was the

legislative purpose to flatly inhibit the filing of any new petitions after July 1, 1986 in cases where, prior to that date, two petitions had already been filed.  On the contrary, rather than to extinguish rights acquired by petitioners prior to the effective date of the amendment, we see the legislative design as permitting two, but no more than two, petitions after July 1, 1986 involving convictions arising out of any one trial, without regard to the number of petitions filed prior to the effective date of Chapter 647.  To so conclude is consistent with the perceived intention of the legislature to give a meaningful measure of post conviction review under the Act's provisions, and thus not require resort to common law remedies in state courts or habeas corpus in the federal courts.  Accordingly, we conclude that § 645A(a)(2) is to be afforded a purely prospective application, without regard to the date of the trial or imposition of sentence, with the result that a petitioner may not file, after July 1, 1986, more than two petitions arising out of any one trial.

JUDGMENT DISMISSING THE PETITIONER'S THIRD POST CONVICTION PETITION VACATED; CASE REMANDED TO THE COURT OF SPECIAL APPEALS WITH DIRECTIONS TO REMAND TO THE CIRCUIT COURT FOR PRINCE GEORGE'S COUNTY FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION; COSTS TO BE PAID BY PRINCE GEORGE'S COUNTY, MARYLAND.