831 F.2d 290
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Leon Abdul-Muhyee FARUQ, Petitioner-Appellant,
v.
John WILT, Warden, Respondent-Appellee.
 No. 87-7063.
 United States Court of Appeals, Fourth Circuit.
 Submitted: June 9, 1987.
Decided: Oct. 1, 1987.
 
 Leon Abdul-Muhyee Faruq, appellant pro se.
 Valerie Valenti Cloutier, Office of Attorney General of Maryland, for appellee.
 D.Md.
 VACATED AND REMANDED.
 Appeal from the United States District Court for the District of Maryland, at Baltimore. Frederic N. Smalkin, District Judge. (C/A No. 86-3530-S).
 Before SPROUSE, CHAPMAN, and WILKINSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 Leon Abdul-Muhyee Faruq, a Maryland inmate, appeals the dismissal, with prejudice, of his 28 U.S.C. Sec. 2254 petition. In his petition Faruq raised the following claims: (1) denial of right to an appropriate exercise of the trial court's sentencing discretion; (2) denial of due process in that the trial judge gave an improper burden-shifting instruction; and (3) denial of effective assistance of counsel in that (a) counsel failed to object to jury instructions concerning the accomplice testimony of the state's witness, and (b) counsel pursued an unreasonable line of defense. The state contended that Faruq had not exhausted his state remedies on his claims. The district court disagreed with this contention, "on the ground that, given the 1986 amendment to Md.Ann.Code art. 27 Sec. 645A(a)(2), it would be futile to require further exhaustion." It proceeded to rule on the merits of Faruq's claims and held that he was entitled to no federal habeas corpus relief.
 
 
 2
 The Court of Appeals of Maryland recently ruled on the applicability of section 645A(a)(2) of the Maryland Uniform Post-Conviction Procedure Act. It held that that section "is to be afforded a purely prospective application, without regard to the date of the trial or imposition of sentence, with the result that a petitioner may not file, after July 1, 1986, more than two petitions arising out of any one trial." Mason v. State, 309 Md. 215, 222, 522 A.2d 1344, 1347 (1987).
 
 
 3
 Faruq has filed only one petition for post-conviction relief since July 1, 1986. In view of the availability of a state remedy under the Maryland Uniform Post-Conviction Procedure Act, and in view of his failure to exhaust his state remedies as required by Rose v. Lundy, 455 U.S. 509 (1982), federal review of Faruq's claims is premature.
 
 
 4
 Accordingly, we grant a certificate of probable cause to appeal, vacate the judgment below and remand the case with instructions to dismiss the case, without prejudice, for failure to exhaust state remedies. Because the dispositive issues recently have been decided authoritatively, we dispense with oral argument.
 
 
 5
 VACATED AND REMANDED.