551 A.2d 139

**James F. JETT, et al.**

**v.**

**STATE of Maryland, DEPARTMENT OF THE ENVIRONMENT.**

No. 332, Sept. Term, 1988.

Court of Special Appeals of Maryland.

Jan. 4, 1989.

**504**

Standish McCleary, III (Michael P. Tanczyn, on the brief), Towson, for appellants.

Paul T. O'Connell, Asst. Atty. Gen. (J. Joseph Curran, Jr., Atty. Gen., and Norma Jean Kraus Belt, Asst. Atty. Gen., on the brief), Baltimore, for appellee.

Argued before GILBERT, C.J., and ROSALYN B. BELL and FISCHER, JJ.

ROSALYN B. BELL, Judge.

This case arises out of a decision by appellee, the Department of Health and Mental Hygiene (Department), regarding the regulatory scope of a private landfill permit issued jointly to Patapsco Valley Farms, Inc. (Patapsco) and Chesapeake Clearing (Chesapeake). The Department concluded that the landfill permit governed the entire 222–acre farm owned by James F. Jett and that landfill was restricted to a designated 4.53–acre area within the 222–acre farm. On appeal, the Circuit Court for Baltimore County affirmed. The issue on appeal is whether the permit regulates the entire farm or is restricted merely to the 4.53–acre site. We hold the permit regulates the entire farm.

Jett owns a 222–acre Christmas tree farm run under the name of Patapsco.[1] Since 1977, appellants have received stumps and land clearing debris from hauling contractors to fill in low-lying areas of the farm to create level ground to accommodate the growing of trees. In January, 1985, the Department determined that the receipt of the stumps from land clearing contractors constituted conducting a system of refuse disposal for public use, *i.e.*, a public sanitary landfill, and thus required a permit under Md.Health–Envtl. Code Ann. § 9–210[2] (1982, 1986 Cum.Supp.), governing public landfills.

Appellants and Chesapeake, a land clearing firm, negotiated with the Department for a permit issued under Md. Health–Envtl.Code Ann. § 9–217 (1982, 1986 Cum.Supp.), (now § 9–224), which applies to private landfills. A permit issued under § 9–217 applied to a specifically identified waste stream between one generator and one receiver of

---

1. Jett and Patapsco are appellants in this case.

2. Now Md.Envtl.Code Ann. § 9–204. Because this case arose prior to the creation of the 1987 Environment Article, citations will be to the former statutory provisions.

waste. The permit issued in this case authorized the deposit of land clearing materials generated by Chesapeake onto a specific 4.53 acres of the farm. The permit was issued jointly on May 10, 1985 by the Waste Management Administration (WMA) of what is now the Department of the Environment. On May 27, 1985, the WMA issued a Complaint and Order and a Notice of Violation based on evidence that land clearing debris haulers other than Chesapeake were depositing debris on the farm. The WMA sought to require appellants to obtain a public landfill permit under § 9–210 and to revoke the § 9–217 permit.

A hearing was held and it was determined that appellants were not subject to revocation of the § 9–217 permit and that the operations came within an agricultural exemption to the § 9–210 requirements.[3] A final order was issued to this effect on April 11, 1986.

Appellants voluntarily retained the permit under § 9–217. Relying on the April, 1986 decision declaring that they were not subject to the § 9–210 requirements, appellants began filling areas of the farm outside the 4.53–acre portion.

Thereafter, appellants requested a modification of the terms of the permit which limited the hours of operation and the amount of traffic to the landfill. A hearing was held on September 24, 1986. At that hearing, appellants' position was that the special conditions and restrictions contained in the permit did not apply to all of the subject farm, but only to the 4.53–acre portion covered by the permit. The Department ruled and the trial court affirmed that the permit addressed the entire site and thus restricted disposal operations to the 4.53–acre portion with all the attendant permit restrictions. It is from this ruling that appellants appeal.

---

**3.** Regulations recently adopted by the Department have excluded disposal activities such as those in the instant case from the exception to the permit requirements by amending the definition of agricultural waste. COMAR 26.04.07.02B(1).

## Standard of Review

■ The standard of review of an administrative agency action is whether substantial evidence supports the factual findings and no error of law exists. *Howard County v. Davidsonville Area Civic and Potomac River Associations, Inc.,* 72 Md.App. 19, 34, 527 A.2d 772, *cert. denied,* 311 Md. 286, 533 A.2d 1308 (1987). The court's role upon review is to determine whether the conclusions of the administrative agency were arbitrary, illegal or capricious. This review must be limited to a determination based upon the record. *Chertkof v. Department of Natural Resources,* 43 Md.App. 10, 17–18, 402 A.2d 1315, *cert. denied,* 286 Md. 745 (1979). Thus, this Court's function is

"essentially to repeat the circuit court's review of the administrative record to determine whether the record as a whole reflects substantial evidence in support of the agency's conclusions."

*Howard County,* 72 Md.App. at 35, 527 A.2d 772.

In *Bulluck v. Pelham Wood Apartments,* 283 Md. 505, 512, 390 A.2d 1119 (1978), the Court of Appeals stated:

" 'Substantial evidence,' as the test for reviewing factual findings of administrative agencies, has been defined as 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' The scope of review 'is limited "to whether a reasoning mind reasonably could have reached the factual conclusion the agency reached." ' " (Citations omitted.)

Applying the substantial evidence test to the finding of an administrative agency, in *Citizens for Rewastico Creek v. Commissioners of Hebron,* 67 Md.App. 466, 470, 508 A.2d 493, *cert. denied,* 307 Md. 260, 513 A.2d 314 (1986), Judge Bishop for this Court opined:

"Cognizance must be taken of the agency's expertise and the administrative decision therefore carries a presumption of correctness. In reviewing factual conclusions, this Court may not substitute its judgment for that of the agency. The administrative decision will not be disturbed

on appeal if substantial evidence supports factual findings and no error of law exists."

### The Permit

 The permit issued to Patapsco and Chesapeake authorized "the disposal, by landfilling, and land clearing debris at the location shown on attached maps A and B." The engineer's site maps A and B of Patapsco, which were submitted by appellants and incorporated and made part of the permit, delineated the 4.53–acre proposed fill area by heavy dash marks.

At the September 24, 1986 hearing, William Chicca, Administrator of the Technical Services Program within the WMA, identified the engineering site drawings as the ones prepared as part of appellants' permit application and testified as follows:

### "[BY DEPARTMENT'S COUNSEL:]

"Q Now, when you saw that area—when this drawing was submitted for review, what did that area enclosed within the heavy dashed lines represent to you?

"A That represented to us the limit, or the restricted area where filling activities would be maintained during the life of the permit.

"Q Did you anticipate that the permit would allow, or do you interpret the permit so as to allow filling in areas outside that 4.53–acre area?

"A No. The purpose of the permit, both in the 9–217 program and the other program [9–210], is to limit the permitted activities on the site to the area designated in the permit, which are covered by the engineering features —design features, which we deemed were necessary to protect public health and the environment."

Moreover, appellant Jett testified that upon applying for the permit he intended to landfill the stumps only in the 4.53–acre site.

The Department ruled:

"[T]he focus of the language is on the authority of the *permittee* to dispose of waste. The plans attached to the permit show the whole of the property, and designate the fill area within it. These maps emphasize ... the permit's regulation of the whole by authorizing disposal in the part." (Emphasis in original.)

We find no error of law and there was substantial evidence to support the Department's conclusion. We explain further.

The permit lists special conditions regarding waste limitations and operational requirements as follows:

"I. SPECIAL CONDITIONS

"A. *Waste Limitations*

"1. The permittee is authorized to landfill, at the location shown on the attached maps, vegetative debris generated by Chesapeake Clearing from land clearing projects.

"2. The permittee is authorized to landfill only vegetative debris consisting of tree stumps, tree trunks, brush, limbs, vines and excess non-contaminated soil from vegetative land clearing projects."

The permit also lists specific operational requirements regarding excavation, hours of operation, truck washing and traffic on the site. The Department interpreted this language to govern appellants' actions on the entire 222–acre site, not simply the 4.53 acres. The Department concluded that appellants' compliance with the operational requirements listed extended beyond the use of the 4.53–acre site. Testimony by Chicca, as head of the permit division, supports the Department's conclusion. Chicca stated:

"A Most of the permits that we issue are for a site on which there is a smaller site where the filling activity is restricted to....

"[BY THE DEPARTMENT'S COUNSEL]:

"Q So that in both 9–217 and in 9–210 permits, then, the permit covers areas beyond the fill?

"A The files are replete with examples of those types of activities."

Substantial evidence for the Department's decision is provided by the language of the permit, the attached maps, and Chicca's testimony.

We must give deference to the agency's decision regarding the scope of the permit. If we were to .interpret the permit as appellants suggest, we would be substituting our judgment for that of the agency. This we cannot do.

■ Appellants further contend, however, that, since they were exempt from the permit requirements of § 9–210 pursuant to the Department's decision of April 11, 1986, landfill operations outside the 4.53–acre site were not regulated by the § 9–217 permit.

The Department ruled that appellants were exempt from the requirements of § 9–210 and thus a permit under that statute was not necessary. The Department also ruled that appellants were not subject to revocation of the § 9–217 permit. Appellants chose to retain the § 9–217 permit and did not challenge the applicability of the permit to the property. Appellant Jett testified at the September, 1986 hearing that he wished to keep the permit because it would assure the community and all interested parties that nothing unsafe was being done on the farm.

While appellants took the position that the § 9–217 permit restrictions applied only to the 4.53–acre portion of the farm, it was the Department's position that the § 9–217 permit applied to the entire property. Chicca testified:

"If we issue a permit, we believe it covers the whole site, and restricts the filling activities to the permitted area. [Appellants have] elected to keep the permit in force in effect. . . . Therefore, our interpretation would be if [they] fill[ ] outside of that area, it's a violation of the permit."

In ruling in favor of the Department, the Department's hearing examiner stated:

"There is no rationale discernible which would mandate the permitting of a 4.53 acre site, while allowing identical

activities to be conducted on the larger tract without a permit. Either a permit must be obtained for all of the area being filled, or none of it."

The trial court indicated in pertinent part:

"To allow [appellants] to do otherwise would entirely eviscerate the regulatory authority embodied in the permit. To allow Appellant[s] to fill areas outside the permitted 4.53 acres or to dump materials outside of the restricted hours of operation or permit a number of trucks well beyond that allowed by the permit is to essentially hold the permit null and void, while granting [them] whatever benefit [they] derive[ ] from State inspections, etc."

We concur.

Appellants assented to regulation under § 9–217 w they voluntarily chose to retain the permit. The disposal of landfill outside of the 4.53–acre site was not authorized by this permit and thus appellants must abide by its terms. Upon a review of the record, we find no error of law in the Department's decision and there was sufficient evidence to support its conclusion. Accordingly, we affirm the Department's order of July 17, 1987.

JUDGMENT AFFIRMED.

COSTS TO BE PAID BY APPELLANTS.