687 A.2d 699

Stephen A. HOLLAND, et al.

v.

**WOODHAVEN BUILDING AND DEVELOPMENT, INC.**

**No. 362, Sept. Term, 1996.**

Court of Special Appeals of Maryland.

Dec. 5, 1996.

Opinion Denying Reconsideration
Jan. 30, 1997.

Thomas J. Gisriel (Drake C. Zaharris and Hodes, Ulman, Pessin & Katz, P.A., on the brief), Towson, for appellant, Holland.

Michelle M. Ostrander, Westminster, for appellant, Mayor and Council.

Elwood E. Swam, Hampstead, for appellee.

Argued before MURPHY, C.J., and DAVIS and EYLER, JJ.

EYLER, Judge.

The primary issue addressed on this appeal is whether an amendment to the Town of Hampstead Code should be applied retroactively to confer standing on appellants to appeal a zoning decision to the Hampstead Board of Zoning Appeals. We hold that retroactive application of the zoning amendment is not appropriate under the facts of this case and affirm the Board of Zoning Appeals' dismissal of appellants' appeal.

### Facts

On August 29, 1994, the Town of Hampstead Planning & Zoning Commission (Commission) granted final approval to Woodhaven Building & Development, Inc., appellee, for a residential subdivision known as North Carroll Farms, Section IV, a planned unit development consisting of 220 units. On September 28, 1994, four residents of Hampstead, Stephen A. Holland, Kris P. Koch, Kim Meekins, and James E. Springer, appealed to the Hampstead Board of Zoning Appeals (Board). Three of the appellants assert that they are nearby property owners, and the fourth has a child in the first grade at the elementary school which would serve North Carroll Farms, Section IV.

On March 6, 1995, the Board, by a 2–to–1 vote, declined to reach the merits and dismissed the appeal on the ground that appellants were not parties aggrieved within the meaning of § 135–157 of the Hampstead Code, the section governing appeals to the Board. The appellants named above, plus an additional 80 residents of Hampstead, noted an appeal to the Circuit Court for Carroll County. While that action was pending, the Mayor and City Council of Hampstead approved Ordinance 268, effective July 17, 1995, which repealed and reenacted § 135–157 of the Hampstead Code and permitted any Hampstead taxpayer to appeal to the Board.

Appellee challenged the validity of the ordinance in the circuit court and the Town of Hampstead filed a motion to intervene, which was granted. On January 3, 1996, the circuit court entered an order invalidating Ordinance 268 on the ground that it was preempted by State law. *See* Md.Code, art. 66B, § 4.07(e) (limiting appeals to boards of zoning appeals to aggrieved parties). The circuit court also affirmed the Board's finding that the original appellants were not persons aggrieved within the meaning of the prior ordinance. The Town of Hampstead and all of the citizen appellants noted an appeal to this Court.

## Questions Presented

The Town of Hampstead presents two questions that, in essence, ask us to decide whether the Town of Hampstead Code § 135–157 is preempted by State law. In addition to the preemption question, the individual appellants ask us to consider (1) whether they have standing to challenge the action of the Commission under the prior ordinance; and (2) whether the circuit court should have reached the merits because Article 66B, § 4.08(a) authorizes any taxpayer to appeal from a board of appeals to the circuit court regardless of whether there was standing to appeal to the Board. Among the questions raised by appellee is whether the amendment to § 135–157 should be applied retroactively to cure appellants' purported lack of standing before the Board.[1]

Preliminarily, we uphold the Board's determination that appellants were not persons aggrieved within the meaning of former § 135–157. Further, we will not reach the issue of preemption because we hold that the amendment to § 135–157 should not be applied retroactively to this case. Finally, we reject appellants' argument that the circuit court should have considered the merits of appellants' appeal.

## Discussion

### A.

### Appellants' Aggrieved Status

At the time this matter was heard by the Board, § 135–157 provided, in pertinent part, as follows:

> An appeal to the Board may be taken by any person aggrieved or by any officer, department, board, commission, or bureau of the town affected by any decision of the Zoning Administrator....

---

1. The issue of retroactivity was argued below. It was not formally framed as a question presented on appeal but was argued by the parties in their briefs and at oral argument. Accordingly, we shall address this issue. *See Clarke v. State,* 238 Md. 11, 22–23, 207 A.2d 456 (1965); *Poole v. Miller,* 211 Md. 448, 453–54, 128 A.2d 607 (1957).

Appellants argue that the original four protestants are persons aggrieved within the meaning of this statute.

The principles governing the determination of whether a party is sufficiently aggrieved to possess standing to appeal to a board of zoning appeals were discussed by the Court of Appeals in *Bryniarski v. Montgomery Co. Bd. of Appeals*, 247 Md. 137, 230 A.2d 289 (1967). Specifically, a person aggrieved

> is one whose personal or property rights are adversely affected by the decision of the [zoning commission].[ ²] The decision must not only affect a matter in which the protestant has a specific interest or property right but his interest therein must be such that he is personally and specially affected in a way different from that suffered by the public generally.

*Id.* at 144, 230 A.2d 289. As further noted in that case, the question of aggrievement is a fact question that must be determined on a case by case basis. *Id.*

█ In reviewing the Board's finding that the original appellants were no more aggrieved "than anyone else in the town," our function is to ascertain whether substantial evidence supports the Board's findings. *Erb v. Maryland Dep't of Env't*, 110 Md.App. 246, 676 A.2d 1017 (1996); *Howard County v. Davidsonville Area Civic & Potomac River Assocs.*, 72 Md.App. 19, 34, 527 A.2d 772, *cert. denied sub nom St. Mary's County Watermen's Ass'n v. Howard County*, 311 Md. 286, 533 A.2d 1308 (1987).

█ "Substantial evidence" is

> "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

*Jett v. Maryland Dep't of Env't*, 77 Md.App. 503, 505, 551 A.2d 139 (1989) (quoting *Bulluck v. Pelham Wood Apartments*, 283

---

**2.** *Bryniarski* involved an appeal *from* a board of zoning appeals rather than *to* a board of zoning appeals. 247 Md. at 144, 230 A.2d 289. As noted in that case, however, interpretation of the phrase "persons aggrieved" should not differ whether the statute is one governing appeals to the board or appeals from the board. *Id.* at 143, 230 A.2d 289.

Md. 505, 512, 390 A.2d 1119 (1978)). In applying this test, we defer to the Board's expertise and will not substitute our judgment for that of the Board as long as the Board's decision is "fairly debatable" in light of the evidence presented to it. *Id.; Cromwell v. Ward,* 102 Md.App. 691, 709–10, 651 A.2d 424 (1995); *Red Roof Inns v. People's Counsel of Baltimore County,* 96 Md.App. 219, 223–24, 624 A.2d 1281 (1993).

■ Relying on *Bryniarski, supra,* and *Wier v. Witney Land Company,* 257 Md. 600, 263 A.2d 833 (1970), appellants argue that three of the original protestants are nearby property owners and deemed to be aggrieved. While we agree with appellants that a protestant who establishes that he is a nearby property owner has made out a *prima facie* case of aggrievement which must then be rebutted by the party challenging standing, *Bryniarski,* 247 Md. at 144–45, 230 A.2d 289, we disagree that the three protestants met their *prima facie* burden in the instant case. None of the three protestants testified before the Board, and no evidence regarding their aggrieved status was admitted on their behalf. Appellants argue that because the protestants' addresses appear on the Application for Hearing and indicate that the protestants reside in North Carroll Farms, the protestants met their burden of establishing that they were nearby property owners. We disagree.

Unlike the petition in *Bryniarski,* the Application for Hearing contains no allegation that the protestants are " 'owners of property immediately contiguous or in close proximity' " to the subject property. *Id.* at 146–47, 230 A.2d 289. Neither was a vicinity map, indicating the proximity of protestants' property, attached to the application. *Id.* at 147, 230 A.2d 289. Similarly, none of the protestants are listed on the "List of Adjoining and Confronting Property Owners" required by the County to be given notice of the pending proceeding. *Id.* Indeed, there is nothing in the application or otherwise before the Board that indicated that any of the three protestants were *property owners,* let alone owners of nearby property. Neither are there any other allegations, general or specific, that the protestants were specially aggrieved. Accordingly, the three prot-

estants do not meet the requirements of *Bryniarski*. *See also Wier*, 257 Md. at 612–13, 263 A.2d 833 (where there was evidence that the protestants' property was within sight distance of the subject property).[3]

Appellants alternatively argue that the fourth protestant, Mr. Holland, was sufficiently aggrieved to challenge the Commission's approval of the subdivision. Appellants concede that Mr. Holland is not a nearby property owner. Nevertheless, appellants argue that Mr. Holland demonstrated that he was specially aggrieved by the subdivision approval in a manner distinct from the public generally.

■ Mr. Holland testified before the Board that he has a child in the elementary school that would serve the subdivision and that the school has been certified as inadequate because of overcrowding. Mr. Holland further testified that he uses roads that would become further congested by the development and that he relies on the Town of Hampstead's water system, which would be further burdened by the development. Appellants conclude that, while these effects may be suffered by others, the fact that they are suffered by a class of people does not mean that they are indistinct from the effects on the public generally.

While we agree with appellants that the size of the aggrieved class is not dispositive of a particular protestant's standing, we believe that the record in this case is such that the Board's conclusion regarding Mr. Holland's status is fairly debatable. On cross-examination, Mr. Holland acknowledged that the affect of the subdivision on the school would be no different for his children than for any other child attending such school, and that he would be no more affected by the

---

**3.** As an aside, we note that the issue of what constitutes a "nearby" property owner is, itself, a question of fact which may turn on such circumstances as the topography of the subject property and its environs and the nature of the proposed development. Accordingly, even had there been an allegation that the protestants owned property within North Carroll Farms, such an allegation alone would not necessarily have precluded the Board from determining that the protestants were not nearby property owners and not aggrieved.

subdivision than any other member of the general public living, traveling or working in the area. While the evidence may have supported a finding by the Board that Mr. Holland was specially aggrieved, it did not compel such a finding by the Board. Accordingly, appellants did not have standing to appeal to the Board absent a retroactive application of Ordinance 268.

## B.

### Retroactive Application of Ordinance 268

The protestants filed their appeal to the Board on September 28, 1994. The Board dismissed the protestants' appeal on March 6, 1995. On June 27, 1995, and while the appeal was pending in the circuit court, the Town of Hampstead enacted Ordinance 268 to amend § 135–157, effective July 17, 1995. This amendment broadened the class of persons who may appeal to the Board to include "any Town of Hampstead taxpayer." Appellee argues that application of the ordinance to the instant case constitutes retroactive application of a statute. Appellee further argues that retroactive application of statutes is disfavored by Maryland law unless expressly intended by the legislature, and that the ordinance evinces no such intent. Appellant counters that application of Ordinance 268 to this case would not affect any vested rights of appellee, and that the amendment is merely procedural and, thus, must be applied retroactively.

In this case, appellants seek to apply Ordinance 268 to cure their lack of standing before the Board even though they did not have standing at the time that the Board dismissed their appeal. We agree with appellee that such an application of Ordinance 268 would constitute a retroactive application of that ordinance. *See St. Comm'n on Human Rel. v. Amecom Div.*, 278 Md. 120, 123, 360 A.2d 1 (1976) (defining a retroactive statute as "one which purports to determine the legal significance of acts or events that have occurred prior to the statute's effective date"). That does not end our inquiry, however, because there is no absolute prohibition against

retroactive application of a statute. *Id.* Absent interference with vested rights or violations of procedural due process, the legislature may enact a retroactive statute. *Id.* Given, however, that we construe Ordinance 268 to operate prospectively, we do not even reach the issue of whether a retroactive application of that ordinance would adversely affect appellee's vested rights.

The rules governing retroactivity that we address in this case are rules of statutory construction.[4] Such rules are easy to state, but difficult to apply. A number of Maryland cases can be cited for the general proposition that a statute is presumed to operate prospectively from its effective date absent a clear expression of legislative intent that the statute is to be applied retroactively. *Arundel Corp. v. County Comm'rs of Carroll County,* 323 Md. 504, 510, 594 A.2d 95 (1991); *Mason v. State,* 309 Md. 215, 219, 522 A.2d 1344 (1987); *WSSC v. Riverdale Heights Volunteer Fire Co.,* 308 Md. 556, 560–60, 520 A.2d 1319 (1987) and cases discussed therein. Despite the presumption of prospectivity, a number of other cases support the proposition that when a legislative change in law affects only procedural matters, rather than substantive rights, it applies to all actions, whether accrued, pending, or future, unless a contrary intention is expressed. *Roth v. Dimensions,* 332 Md. 627, 636–38, 632 A.2d 1170 (1993); *Starfish Condo. Assoc. v. Yorkridge Serv. Corp., Inc.,* 295 Md. 693, 705, 458 A.2d 805 (1983); *Winston v. Winston,* 290 Md. 641, 649–50, 431 A.2d 1330 (1981); *Holmes v. Crim. Injuries Comp. Bd.,* 278 Md. 60, 63 n. 2, 359 A.2d 84 (1976); *Richardson v. Richardson,* 217 Md. 316, 320, 142 A.2d 550 (1958).

As a preliminary matter, the question of what is procedural and what is substantive often is a difficult one to determine. *See, e.g., Mason,* 309 Md. at 221–22, 522 A.2d 1344 (where

---

**4.** For the sake of clarity, we refer to these principles throughout as rules of statutory construction. However, the same principles apply to legislative enactments generally, including local ordinances such as the one at issue in this case.

amendment to Post Conviction Procedure Act, limiting number of petitions that could be filed under Act, was held to affect petitioner's substantive rights). While standing could be characterized as a procedural question only, *see Starfish,* 295 Md. at 704, 708, 458 A.2d 805, it also could be characterized as a substantive matter, inasmuch as it involves the ability to pursue a right of action.

To complicate matters, appellants cite another line of cases that hold that "an appellate court must apply the law in effect at the time a case is decided, provided that its application does not affect intervening vested rights." *O'Donnell v. Bassler,* 289 Md. 501, 508, 425 A.2d 1003 (1981) (citing *County Council for Prince George's County v. Carl M. Freeman Associates, Inc.,* 281 Md. 70, 76, 376 A.2d 860 (1977); *Rockville Fuel & Feed Co. v. City of Gaithersburg,* 266 Md. 117, 127, 291 A.2d 672 (1972)). *See also Yorkdale v. Powell,* 237 Md. 121, 124, 205 A.2d 269 (1964) (quoting *Woman's Club of Chevy Chase v. State Tax Comm.,* 195 Md. 16, 19, 72 A.2d 742 (1950)). A countervailing principle to that statement is that, absent legislative intent to the contrary, a change in procedural law will not be applied retroactively to undo proceedings that already have concluded prior to the passage of the law. *Luxmanor Citizens Assoc. v. Burkart,* 266 Md. 631, 645, 296 A.2d 403 (1972); *The Wharf v. Department,* 92 Md.App. 659, 675–76, 610 A.2d 314, *cert. denied,* 328 Md. 239, 614 A.2d 84 (1992).

The first two principles we have identified favor the prospective application of legislative changes to law affecting substantive rights and the retroactive application of changes affecting only remedy or procedure. The latter two principles favor the contrary result.

All four of these principles were alive and well when we decided the case of *T & R Joint Venture v. Office, Plan. & Zon.,* 47 Md.App. 395, 424 A.2d 384 (1980). Interestingly, that case involved facts, to the extent material, identical to those in

the instant case.[5]   In that case, a developer's application for rezoning was granted by the Zoning Hearing Officer for Anne Arundel County.  *Id.* at 398, 424 A.2d 384.   The Anne Arundel County Office of Planning and Zoning (OPZ) attempted to appeal the Zoning Hearing Officer's decision to the Board of Appeals.  *Id.* at 396, 424 A.2d 384.   Applying the law then *in* effect, the Board of Appeals dismissed OPZ's appeal because it found that OPZ was not a person aggrieved within the meaning of the statute governing appeals to the Board.  *Id.* While the appeal was pending in the circuit court, the County amended its statute expressly to confer standing upon the planning and zoning officer, "notwithstanding his lack of a personal or property right adversely affected by the decision of the zoning hearing officer."  *Id.* at 403–04, 424 A.2d 384. The circuit court applied the amended statute to confer standing upon OPZ, and we affirmed.

In that case, we noted that

> [t]here have been literally dozens of cases in which the Court has been faced with a question of whether to apply an intervening change in the law to a pending case.  Some of the decisions are not easy to reconcile, and thus the diligent lawyer or judge can easily find some authority for both sides of the proposition.

*Id.* at 405 n. 5, 424 A.2d 384. Further, observing that much of the discussion regarding procedure versus substance "is semantics," we declined to engage in such an analysis, and, instead, applied the doctrine that " 'a court is to apply the law in effect at the time it renders its decision unless doing so would result in manifest injustice or there is statutory direction or legislative history to the contrary.' "  *Id.* at 407, 424 A.2d 384 (quoting *Bradley v. School Board of Richmond,* 416 U.S. 696, 711, 94 S.Ct. 2006, 2016, 40 L.Ed.2d 476 (1974)).   We reasoned that this principle made "eminently good sense" and was applied by the Court of Appeals in *Janda v. General*

---

**5.** None of the parties discuss this case, possibly because they were uncertain as to its current status.

*Motors Corp.,* 237 Md. 161, 205 · A.2d 228 (1964) and its predecessors.

Were the principle espoused in *T & R Joint Venture* still good law, we would apply it to this case, and then be faced with the question of whether Ordinance 268 is preempted by State law.[6] Seven years later, however, the Court of Appeals rejected the principle that we applied in *T & R Joint Venture* and that the Court of Appeals had applied in *Janda. Riverdale Fire Co.,* 308 Md. at 565–68, 520 A.2d 1319. Instead, it reaffirmed the converse principle "that under the law of Maryland statutes ordinarily are construed to operate prospectively, absent a clear legislative intent to the contrary." *Id.* at 568, 520 A.2d 1319. Given the holding in *Riverdale Fire Co.,* the principle applied in *T & R Joint Venture* is no longer good law.

Perhaps recognizing that part of the discussion in *Janda* and some of the cases cited therein are no longer the law of Maryland, appellants rely on *O'Donnell v. Bassler,* 289 Md. 501, 425 A.2d 1003 (1981). Without discussing *Janda* or *Riverdale Fire Co.,* appellants assert that "[i]n *zoning* cases, Maryland law is absolutely clear· [that 'a]n appellate court must apply the law in effect at the time a case is decided, provided that its application does not affect intervening vested rights.'" We see no reason to distinguish zoning cases in this manner. The Court of Appeals could have limited its holding in *Riverdale Fire Co.* to exclude zoning cases, but it did not so limit that case. *See, e.g., Arundel Corp.,* 323 Md. at 509–10, 594 A.2d 95 (applying *Riverdale Fire Co.* in a zoning case).

We caution, however, that, while zoning cases are not exempt from the principles of construction set forth in *Riverdale Fire Co.,* changes in zoning laws, such as zoning reclassifications, ordinarily will apply retrospectively *by their very terms.* Such *in rem* changes to the status of property necessarily will raise the question of whether the changes interfere

---

6. We did not consider the issue of preemption in *T & R Joint Venture* because it was not raised by the parties in that case.

with the property owner's vested rights. *See, e.g., Prince George's County v. Sunrise Dev. Ltd. Partnership,* 330 Md. 297, 307–12, 623 A.2d 1296 (1993); *Rockville Fuel v. Gaithersburg,* 266 Md. 117, 127, 291 A.2d 672 (1972); *Sykesville v. West Shore,* 110 Md.App. 300, 317–18, 677 A.2d 102 (1996). Indeed, *O'Donnell* involved just such a case.[7]

Apparently, the Court of Appeals did not, as we attempted to do, discard the procedure versus substance distinction. *Riverdale Fire Co.* involved a matter of substantive law, and subsequently decided cases have included considerations of whether the statute affects merely procedure versus substance. *See, e.g., Mason, supra. But see Arundel Corp. v. County Comm'rs,* 323 Md. 504, 509–10, 594 A.2d 95 (1991) (construing amendments to zoning ordinance which changed the filing requirements for conditional use applications to operate only prospectively). Accordingly, the principles that seem to survive *Riverdale Fire Co.* are that, absent clear legislative intent to the contrary, (1) a statute ordinarily will be presumed to operate prospectively; (2) a statute that changes procedure only ordinarily will be applied to pending cases; and (3) new procedural law, although applicable to pending cases, will not ordinarily be applied to undo procedures that already have concluded.

Applying these principles to the instant case, we hold that, regardless of whether Ordinance 268 is characterized as affecting substantive rights or as changing procedure only, it does not operate retroactively to confer standing upon the protestants. Ordinance 268 does not state whether it is to be applied retroactively, but merely provides that it is to take effect on July 17, 1995. Accordingly, under the general rule

---

7. If the fourth rule stated in *Janda* is viewed not to be a rule of construction, it continues to have force and effect. After *Riverdale Fire Co.,* the fourth *Janda* principle continues to survive in the following limited manner. When a statute, by its terms, works retroactively, we will apply it in pending cases unless it impinges upon vested rights or violates due process. The mere filing of a complaint or answer does not entitle a plaintiff to have applied to his case the law in effect at the time of such filing.

provided in *Riverdale Fire Co.*, Ordinance 268 is to be applied prospectively from its effective date.

Even if we presume that the ordinance effects only a procedural change, it does not, by its terms, invalidate the Board's dismissal of the appeal. When the protestants filed their Application for Hearing, they did not have standing. Neither did the protestants have standing when the Board rendered its decision dismissing the appeal. The fact that the class of persons who may appeal to the Board subsequently was broadened does not resurrect the standing issue with respect to the protestants. Accordingly, we will not apply Ordinance 268 to this case, and will leave for another day the issue of whether it is preempted by State law.

## C.

### Whether the Circuit Court Should Have Considered the Merits

Appellants argue that, regardless of whether they had standing to appeal to the Board, the circuit court should have ruled on the merits of their appeal because Art. 66B, § 4.08(a) authorizes any taxpayer to appeal from the Board to the circuit court, and they, thus, were properly before the circuit court.

We see no merit in this argument. Even if appellants had a right to appeal to the circuit court, they were not entitled to a broader scope of review than that provided by law. The circuit court was limited to reviewing the Board's decision with respect to whether appellants were aggrieved persons or otherwise entitled to appeal.

JUDGMENT AFFIRMED; APPELLANTS TO PAY COSTS.

## ON MOTION FOR RECONSIDERATION

Appellants have filed a motion for reconsideration based on their reading of the Court of Appeals's recent opinion in *Sugarloaf Citizens' Association, et al v. Department of Envi-*

*ronment*, et al., 339 Md. 232, 661 A.2d 733 (1995). *Sugarloaf* was filed by the Court of Appeals on December 20, 1996, fifteen days after we filed our opinion in this case. Appellants argue that we erred in deferring to the Hampstead Board of Zoning Appeal's (Board) finding that appellants were not aggrieved parties, in view of the holding in *Sugarloaf* that a reviewing court may not give deference to an administrative finding of lack of aggrievement. Because *Sugarloaf* involved an administrative determination of ***judicial*** standing, rather than an administrative determination of ***administrative*** standing, *Sugarloaf* is inapposite.

*Sugarloaf* involved a challenge by certain property owners to the Maryland Department of the Environment's (MDE) decision to issue two permits that authorized construction of a solid waste incinerator. The Secretary of MDE had delegated authority to the Office of Administrative Hearings to hold a contested case hearing on the issue of whether a permit to construct should be issued to the applicants. The Secretary also requested that the Administrative Law Judge (ALJ) "entertain arguments on the issue of standing and make findings." Op. at 610. With respect to this latter request, the Court stated:

> If there were a statutory provision or a regulation setting forth criteria for administrative standing, the Secretary's request would have been appropriate. Under such circumstances, the ALJ could properly make findings and conclusions concerning administrative standing. No party in the instant case, however, has called to our attention any statute or regulation prescribing criteria for administrative standing in a case like this, and we are not aware of any such statute or regulation. Consequently, under the decisions of this Court discussed above, the plaintiffs were appropriately accorded standing as parties to the administrative hearing. There was no proper issue of administrative standing to be resolved by the ALJ.

*Id.*, at 614. In *Sugarloaf*, despite the lack of a statute conditioning standing to participate in the contested case hearing upon aggrievement, the ALJ made factual findings

that the protestants were not aggrieved within the meaning of *Bryniarski v. Montgomery Co.*, 247 Md. 137, 230 A.2d 289 (1967) and other cases. The trial court and this court, applying the substantial evidence standard, then used those findings of lack of aggrievement to hold that the protestants did not have standing to seek judicial review of the ALJ's decision.

The Court of Appeals held that the ALJ exceeded her proper role by rendering findings and conclusions regarding judicial standing, and that it was error to accord any deference to her findings and conclusions regarding judicial standing. *Sugarloaf*, Op. at 614.

> Under basic principles of administrative law, as well as the separation of powers requirement set forth in Article 8 of the Maryland Declaration of Rights, [footnote omitted] it is not the proper function of an administrative official or agency in the executive branch of government to decide whether a plaintiff or potential plaintiff has standing to maintain an action *in court*.... [W]ith respect to the allocation of functions between administrative agencies and the judiciary, the determination of whether a person has standing to maintain an action *in court* is exclusively a judicial function.

*Id.*, at 614–15 (emphasis added).

Unlike *Sugarloaf*, the instant case involved the question of whether appellants possessed standing to appeal to a board of zoning appeals under Article 66B, § 4.07(e) and § 135–157 of the Hampstead Code. Accordingly, we appropriately applied the substantial evidence test to the Board's findings on the issue of standing. *See Bryniarski*, 247 Md. at 144, 230 A.2d 289 (noting that the question of aggrievement is a fact question that must be determined on a case by case basis).

MOTION FOR RECONSIDERATION DENIED.