760 A.2d 290

**Bryan Walter COX**

v.

**STATE of Maryland.**

**No. 17, Sept. Term, 2000.**

Court of Special Appeals of Maryland.

Oct. 3, 2000.

Nancy S. Forster, Asst. Public Defender (Stephen E. Harris, Public Defender on the brief), Baltimore, for appellant.

Celia Anderson Davis, Asst. Atty. General (J. Joseph Curran, Jr., Atty. General, Baltimore and Sandra A. O'Connor, State's Atty. for Baltimore County of Towson, on the brief), for appellee.

Submitted before MURPHY, Chief Judge, and BYRNES, KRAUSER, JJ.

MURPHY, Chief Judge.

In the Circuit Court for Baltimore County, Bryan Walter Cox, appellant, filed an Application for Review of Sentence by Three Judge Panel. Chief Judge Edward A. DeWaters, Jr. dismissed that application, and appellant now presents the following question for our review:

Does Article 27, § 645JA and § 645JC permit review of a mandatory minimum sentence by a three judge panel if the sentence was imposed prior to the July 1, 1999 effective date of the statute?

For the reasons that follow, we shall answer "no" to that question and therefore affirm the judgment of the circuit court.

## Background

On July 15, 1992, appellant was convicted of daytime house-breaking. On October 29, 1992, pursuant to Article 27, § 643B, he received a "mandatory minimum" sentence of 25 years without the possibility of parole. Appellant filed an appeal to this Court. In an unreported *per curiam* opinion, we affirmed the judgment of the circuit court. Appellant then filed a petition for writ of certiorari. The Court of Appeals denied that petition on December 10, 1993.

On January 13, 2000, appellant filed the application at issue.[1] On February 18, 2000, Chief Judge DeWaters issued the following ruling:

The Application for Review of Sentence filed on January 13, 2000 in the above case is hereby dismissed as untimely. The statute [Article 27–645JC(b)(2)(I) & (II) ] effective July 1, 1999 resulting from House Bill 602 is held not retroactive.

This appeal followed.

## Discussion

When appellant was sentenced, Md.Code Ann., Article 27 § 645JA provided, in pertinent part:

**Unless no different sentence could have been imposed** or unless the sentence was imposed by more than one trial judge, every person convicted of a crime by any trial court

---

1. In June of 1999, appellant filed a "Request For Re–Sentencing Hearing By Newly Formed Committee Pursuant to House Bill 602." That "request" was denied on August 16, 1999. Appellant's untimely appeal from that ruling was dismissed by this Court on January 12, 2000.

of this State and sentenced to serve, with or without suspension, a total of more than two years imprisonment in any penal or correctional institution in this State shall be entitled to have the sentence reviewed by a panel of three or more trial judges of the judicial circuit in which the sentencing court is located. However, a person has no right to have any sentence reviewed more than once pursuant to this section. Notwithstanding any rule of the Court of Appeals to the contrary, the judge who sentenced the convicted person shall not be one of the members of the panel, but if he so desires he may sit with the panel in an advisory capacity only.

(Emphasis added).

In 1999, House Bill 602 (1999 regular session) modified §§ 645JA and 645JC.[2] As stated in the Synopsis of House Bill 602, it would modify the applicable statutes so as to "authorize a criminal sentence review panel to order a de-

---

**2.** At the time appellant was sentenced, Section 645JC provided the scope of review as follows:

The panel shall have the right to require the Department of Parole and Probation to investigate, report, and make recommendations with regard to any such application for review. The panel shall consider each application for review and shall have the power, with or without holding a hearing, to order a different sentence to be imposed or served, including, by way of illustration and not by way of limitation, an increased or decreased sentence, or a suspended sentence to be served in whole or in part, or a sentence to be suspended with or without probation, upon such terms and conditions as the panel may deem just and **which could lawfully have been imposed by the sentencing court at the time of the imposition of the sentence under review,** or the panel may decide that the sentence under review should stand unchanged; except that the panel, without holding a hearing, shall not increase any sentence, or order any suspended sentence or any suspended part of a sentence to be served; and except further that no sentence for life or term of years may be increased to death by the panel with or without holding a hearing. The decision of the panel in each review shall be rendered by a majority of the members of the panel and shall be rendered within thirty days from the filing date of the application for review. If the panel orders any different sentence, the panel shall resentence and notify the convicted person in accordance with the order of the panel. Time served on any sentence under review shall be deemed to have been served on the sentence substituted. (emphasis added).

crease in a mandatory minimum sentence under specified circumstances." The Bill was passed and the new versions of §§ 645JA and 645JC took effect on July 1, 1999.[3] Neither statute provided for retroactive application.

 "The cardinal rule in construing statutes is, of course, to ascertain and effectuate the legislative intention." *Mason v. State*, 309 Md. 215, 219, 522 A.2d 1344 (1987) (citing *Tucker v. Fireman's Fund Ins. Co.*, 308 Md. 69, 73, 517 A.2d 730 (1986)). If legislative history is "unenlightening," the courts apply "several well settled rules of statutory interpretation [that] are applicable to ascertaining the actual intention of the legislature," including the following:

> (1) A statute is presumed to operate prospectively from its effective date, absent clear language to the contrary, or unless the manifest intention of the Legislature indicates otherwise; (2) Despite the presumption of prospectivity, a statute effecting a change in procedure only, and not in substantive rights, ordinarily applied to all actions whether accrued, pending or future, unless a contrary intention is expressed; and (3) A statute affecting or impairing substantive rights will not operate retrospectively as to transactions, matters, and events not in litigation at the time the statute takes effect unless its language clearly so indicates.

*Mason, supra,* at 219–20, 522 A.2d 1344.

 The presumption that statutes operate prospectively is discussed in *State Commission on Human Relations v. Amecom Division of Litton Systems, Inc.*, 278 Md. 120, 123–24, 360 A.2d 1 (1976); *Rigger v. Baltimore County*, 269 Md. 306, 310, 305 A.2d 128 (1973); *Kastendike v. Baltimore Ass'n*, 267

---

**3.** § 645JA no longer prohibits the sentence review panel from considering an application on the ground that "no different sentence could have been imposed." The pertinent part of § 645JC now provides:

(b)(2)(i)In the manner provided in this section, and subject to item (ii) of this paragraph, the panel may order a different sentence, including a decrease, in a mandatory minimum sentence otherwise required by law.

(ii) A panel may not order a decrease in a mandatory minimum sentence unless the panel's decision is unanimous.

Md. 389, 395–96, 297 A.2d 745 (1972); and *Ireland v. Shipley,* 165 Md. 90, 97–98, 166 A. 593 (1933). This presumption "is particularly applicable where the statute adversely affects substantive rights, rather than only altering procedural machinery." *Washington Suburban Sanitary Com'n v. Riverdale Heights Volunteer Fire Co., Inc.,* 308 Md. 556, 561–62, 520 A.2d 1319 (internal citations omitted). "When the General Assembly intends a statute to have a retroactive application, it knows how to express that intent." *Id.* at 568, 520 A.2d 1319.

■■■ "The presumption against retrospectivity is rebutted only where there are clear expressions in the statute to the contrary." *Washington Suburban Sanitary Com'n v. Riverdale Heights Volunteer Fire Co., Inc.,* 308 Md. 556, 560, 520 A.2d 1319 (1987). (internal citations omitted). "Moreover, even when permissible, retrospective application is not found except upon the plainest mandate in the statute." *Id. (Citing Bell v. State,* 236 Md. 356, 204 A.2d 54 (1964)).

*Mason, supra,* involved an amendment to Article 27, § 645A(a)(2) that limited the number of petitions for postconviction relief that a prisoner could file.[4] The Court of Appeals explained that this change should not be given retrospective application because "neither the language of the amendment, nor its legislative history, gives any clear indication as to whether it should be applied prospectively only, or prospectively as well as retrospectively." 309 Md. at 221, 522 A.2d 1344.

In addition to the presumption that § 645JC was intended to operate prospectively from July 1, 1999 (because of the "absence of clear language to the contrary"), contemporary legislative history has revealed that the "manifest intention of the legislature d[id] not indicate otherwise." Earlier this year, the House Judiciary Committee considered and rejected a proposal that would make the current version of § 645JC applicable to persons sentenced prior to July 1, 1999. House

---

4. The prior act had not placed a numerical limit on the amount of petitions that could be filed.

Bill 380 (2000 regular session),[5] entitled "Criminal Procedure-Review of Mandatory Minimum Sentences—Retroactive Effect," contained the following provisions:

SECTION 2. AND BE IT FURTHER ENACTED, That, notwithstanding any other law to the contrary, a person who is serving a term of confinement which includes a mandatory minimum sentence imposed before July 1, 1999, may apply for and receive one review of the mandatory minimum sentence as provided in Article 27, § 645JC of the Code, provided that the application for review is filed on or before September 30, 2001.

SECTION 3. AND BE IT FURTHER ENACTED, That this Act shall take effect October 1, 2000. It shall remain effective for a period of 1 year and, at the end of September 30, 2001, with no further action required by the General Assembly, this Act shall be abrogated and of no further force and effect.

Unfortunately for appellant, HB380 received an unfavorable report on March 13, 2000. In light of this legislative history and the presumption against retroactivity, we are persuaded that appellant is not entitled to a three judge panel review of the "mandatory minimum" sentence he received on October 29, 1992.

**JUDGMENT AFFIRMED; COSTS TO BE PAID BY APPELLANT.**

---

**5.** As stated in its Synopsis, House Bill 380 was introduced for the purpose of "[a]llowing a person who is serving a term of confinement which includes a mandatory minimum sentence imposed before July 1, 1999, to apply for and receive one review of the mandatory minimum sentence by a three judge panel provided that the application for review is filed on or before September 30, 2001."