708 A.2d 1058

COUNTY COUNCIL OF PRINCE GEORGE'S COUNTY,
Maryland, Sitting as the District Council

v.

CURTIS REGENCY SERVICE CORPORATION, et al.

No. 508, Sept. Term, 1997.

Court of Special Appeals of Maryland.

April 29, 1998.

Joyce B. Nichols, Upper Marlboro, for appellant.

Paul B. Rodbell (Meyers, Billingsley, Rodbell & Rosenbaum, P.A., on the brief), Riverdale, for appellees.

Argued before MOYLAN, HOLLANDER and SONNER, JJ.

SONNER, Judge.

Following approval by the Prince George's County Planning Board of an application for Preliminary Plat of Cluster Subdivision and Conceptual Site Plan submitted by appellees, Curtis Regency Service Corporation and Rose Valley Limited Partnership (Curtis Regency), a local citizens' group appealed to the County Council for Prince George's County, sitting as the District Council (District Council). On November 20, 1995, the District Council reversed the decision of the Planning Board, and Curtis Regency sought judicial review by the Circuit Court for Prince George's County (Shepherd, J.). After oral argument, but before a final decision by the circuit court, the County Council for Prince George's County (the County Council)[1] adopted County Bill (CB)–76–1996, which amended the County's zoning ordinance, purporting to clarify that the District Council had original jurisdiction in appeals from the Planning Board and from the Zoning Hearing Examiner (ZHE). The circuit court reversed the decision of the District Council and reinstated the Planning Board's approval. Appellant, the District Council, filed a Motion to Alter or Amend Judgment, and asked the court to rule that the District Council had original jurisdiction in these appeals as a result of the passage of CB–76–1996. The circuit court denied the motion. The District Council appeals and asks:

I. Did the circuit court err in applying the wrong standard of review?

II. Did the circuit court err in finding that there was no record evidence to support the decision of the District Council?

---

1. We refer to the District Council and County Council separately. Although they are the same body, the names indicate the exercise of different functions. The District Council refers to the appellate review of the land use decision and the County Council refers to the legislative functions of the Council.

III. Did the circuit court err by failing to apply retroactively the ordinance enacted by the County Council?

We conclude that the circuit court applied the correct standard of review, but improperly reinstated the Planning Board's decision. We hold that the appropriate action is to remand the case to the circuit court so that it may further remand to the District Council for review of the appeal using the correct administrative standard of review. As a result of our decision, we refrain from reviewing the second issue, since our affirmance on the first issue renders consideration of the second issue premature. Finally, we conclude that the circuit court correctly refused to apply retroactively the ordinance enacted by the County Council.

## *FACTS*

Curtis Regency owns an 83.71–acre parcel of land zoned Rural Residential. The proposed subdivision of the land was known as Rose Valley Cluster. On October 26, 1994, Curtis Regency filed an application for Preliminary Plat of Cluster Subdivision and Conceptual Site Plan approval under § 24–137 of the Prince George's County Subdivision Ordinance (Subdivision Ordinance). In accordance with Maryland Code (1957, 1997 Repl.Vol.), Art. 28, § 7–111, known as the Regional District Act (RDA), Curtis Regency filed the application with the Prince George's County Planning Board (the Planning Board) of the Maryland–National Capital Park and Planning Commission (the Commission).

For Prince George's County and Montgomery County, the General Assembly enacted the RDA, which allows the counties to create zoning enabling legislation, and authorizes the County Council to adopt and amend zoning ordinances. Art. 28, §§ 7–102, 7–103, 7–108, and 8–101(a); *JMC Constr. Corp. Inc. v. Montgomery County,* 54 Md.App. 1, 3, 456 A.2d 931 (1983). The RDA, in § 7–111, also gave the Planning Board[2] respon-

─────────

**2.** The Commission is composed of ten members, five each from Montgomery County and Prince George's County, who are selected by their

sibility "for planning, platting and zoning functions primarily local in scope, as distinguished from the regional planning functions of the Commission . . . The local functions exclusively within the jurisdiction of the respective planning boards include, but are not limited to, the administration of subdivision regulations. . . ." Once the Planning Board approves or disapproves a subdivision plat, the RDA allows for an appeal to the District Council, if the county decides to implement such a process. Section 7–117. Through the powers granted by the General Assembly, the County Council has created a comprehensive zoning ordinance at Subtitle 27 of the Prince George's County Code, and has provided for an appeal from a decision of the Planning Board at § 24–137(j).

After receiving the proposal, the Technical Staff of the Maryland–National Capital Park and Planning Commission (the Technical Staff) recommended disapproval of the application on January 3, 1995 because it disagreed with the conclusions reached in Curtis Regency's traffic study. The Guidelines for the Analysis of the Traffic Impact of Development Proposals would prohibit the program development when the resulting level of service (LOS) is less than a particular minimum service level, in this case LOS "D," or an hourly traffic volume of 1,450 vehicles. The LOS level describes the ability of a road network to handle traffic. In this case, the part of the network being measured was the intersection of Md. Route 210 and Old Fort Road, since the total LOS for that intersection was LOS "F," meaning that the traffic count supported a critical lane volume for the afternoon hours of 1,944 vehicles, and that the total critical lane volume was 2,037 vehicles. Curtis Regency concluded that, if it constructed a right-turn lane on the eastbound and westbound approaches to the intersection, it would provide a net benefit to the traffic conditions such that the afternoon critical lane volume would be reduced to 1,710 vehicles. The Technical Staff concluded

---

respective County Councils. The Planning Board for Prince George's County is comprised of the five Prince George's County commissioners. Section 7–111.

that, even with the proposed change, the LOS would still exceed level "D," and the improvement would not meet the magnitude of improvement required by the mitigation guidelines.

On January 12, 1995, the Planning Board conducted a public hearing and voted to deny the application. On February 9, 1995, the Planning Board granted Curtis Regency's request for reconsideration. Curtis Regency submitted a new traffic study based on traffic counts conducted after the January 12th decision. The new study indicated a significant variation in traffic volumes for the area and, in response, the Technical Staff hired an independent traffic consultant to prepare an additional study. The result of the independent study confirmed the result of Curtis Regency's new study, and the Planning Board found that the proposed road improvements provided adequate access roads as required by § 24–124 of the Prince George's County Code. After a public hearing on June 1, 1995, the Planning Board approved the application.

A local citizens' group appealed the decision to the District Council, which heard oral argument on November 6, 1995. On November 20, 1995, the District Council reversed the Planning Board's decision, finding that (1) the LOS was at level "F" and required mitigation, (2) the proposed mitigation could not adequately decrease the LOS from "F" and, therefore, (3) the infrastructure and public facilities were inadequate to service the proposed cluster subdivision.

Curtis Regency filed a petition for review by the circuit court and argued that (1) the Planning Board had exclusive jurisdiction over approval of subdivision plats, (2) the District Council failed to give due deference to the Planning Board's decision, and (3) record evidence did not support the District Council's decision. The District Council argued that the circuit court's review was limited. It could determine only if record evidence supported the District Council's decision.

On June 28, 1996, the circuit court heard oral argument. On September 10, 1996, the County Council adopted CB–76–1996, which amended § 27–132 of the Prince George's County

Code to "clarify" that the District Council had original jurisdiction to review a decision of the Planning Board. Since the circuit court had not yet made a decision, the District Council mailed a copy of CB–76–1996, advising the court of the new ordinance and its asserted application.

On November 13, 1996, the court reversed the decision of the District Council, finding that the District Council did not correctly apply the standard of review, but, instead, had become the trier of fact and had rendered the Planning Board's findings useless. The court further held that the record evidence did not support the District Council's reversal. Thereafter, the District Council filed a motion to alter or amend, asking the court to reconsider its decision after applying CB–76–1996, and the circuit court denied the motion.

## *DISCUSSION*

### I.

The District Council argues that it does not owe deference to the Planning Board. While it concedes that the Planning Board has jurisdiction to administer subdivision regulations, the District Council contends that the Planning Board is not the ultimate authority in approving and disapproving subdivision plats. Rather, the District Council claims that, by statute, it alone has the ultimate power to approve regulations and amendments governing the subdivision of land (§ 7–116) and the ultimate power to approve cluster subdivisions.

The District Council points out that § 7–117 of the RDA authorizes it to hear appeals "from a decision approving or disapproving a subdivision plat," but does not lay out any specific framework for the appeals process. The County, in devising the provisions on its own, has outlined, in § 24–137(j) of the Prince George's County Code, that an "appeal shall be based on the record as made before the Planning Board ... in accordance with Section 27–290 of the Zoning Ordinance." Although the ordinance restricts the appeal to one based on the record, neither § 24–137(j) nor § 27–290 of the County Code provide the District Council with the standard of review

it must use. Rather, § 27–290(d) informed the District Council only that it must "affirm, reverse or modify the decision of the Planning Board, or return the Detailed Site Plan to the Planning Board to take further testimony or reconsider its decision." The District Council directs us to a "parallel" appellate procedure involving the Zoning Hearing Examiner (ZHE), where all appeals are also based on the record, and suggests that case law indicates that the District Council owes no deference to the ZHE. Likewise, here, the District Council asserts that this parallel procedure makes it clear that the same standard of review applies to an appeal of a Planning Board decision.

Before we address the central issue in this case, the standard of review to be applied by the District Council in this type of appeal, we note that the District Council's suggestion, that the procedure used on appeal of a ZHE decision is parallel to an appeal of a Planning Board decision, is without merit. We find that the role of the ZHE is far removed from that of the Planning Board. For example, in a case relied upon by the District Council, *Cox v. Prince George's County,* 86 Md.App. 179, 586 A.2d 43 (1991), this Court explained the process through which a special exception passes before reaching the District Council. First, the Technical Staff makes a report and recommendation and forwards it to the Planning Board. The Planning Board decides whether to accept the Staff's recommendation and forwards its own recommendation to the District Council. Before the District Council decides the case, however, the ZHE, an employee of the District Council, files a written decision, with specific recommended findings of facts, conclusions of law, and a disposition recommendation. Finally, the District Council decides whether to grant the exception.

Although the ZHE has authority under § 27–312(a)(C) of the Prince George's County Code to approve or deny a special exception or variance, the Zoning Ordinance specifically retained in the District Council the authority, "upon its own motion," to elect "to make the final decision on the case itself." There is no analogue to this language with regard to the

Planning Board's decisions on subdivisions. Instead, the process used for subdivision plat applications, under § 24-137 of the County Code, is as follows: (1) The applicant files its application with the Planning Board; (2) The Technical Staff then reviews the application and makes a recommendation; (3) The Planning Board reviews the recommendation, holds a public hearing, and then votes on the application; (4) If no appeal is taken, the decision of the Planning Board is final.

Clearly, the District Council's role with respect to decisions of the ZHE is not parallel to its role with respect to Planning Board decisions. The Planning Board has *original* jurisdiction over the administration of subdivision regulations, and the District Council can hear appeals of those decisions only if an applicant or a party of record takes an appeal. It cannot, upon its own motion, make any decision or take the case away from the Planning Board. *See also Colao v. County Council of Prince George's County*, 109 Md.App. 431, 675 A.2d 148 (1996), *aff'd*, 346 Md. 342, 697 A.2d 96 (1997) (describing process for comprehensive design zone applications when ZHE decision is merely recommendation that District Council may or may not adopt).

Having discarded the District Council's assertion that the standard of review used in hearing an appeal of a ZHE decision is the same standard of review to be used here, we return our focus to what we believe to be the thrust of this case—determining the correct standard of review by the District Council in an appeal of a Planning Board decision to approve a cluster subdivision.

The District Council suggests that the lack of specificity in the Prince George's County Ordinance and the RDA means that no restrictions exist on the action that the District Council can take with regard to a subdivision matter. Rather, the District Council argues that the directions to the District Council in the County Code clearly reserve jurisdiction in the District Council for the final decision. The District Council claims that a finding that it owes deference to the Planning Board nullifies the power of the local governing body inconsis-

tent with the grant of power to the District Council by the General Assembly in § 7–117.

In addressing this issue, we find it necessary to point out generally the limitations imposed in appellate review. When asked to review a decision of an administrative agency, a reviewing court must give the decision great weight and a presumption of validity. *Cox,* 86 Md.App. at 187, 586 A.2d 43, citing *Terranova v. Board,* 81 Md.App. 1, 9, 566 A.2d 497 (1989). In reviewing the decision of an administrative agency, a court is "limited to determining if there is substantial evidence in the record as a whole to support the agency's findings and conclusions, and to determine if the administrative decision is premised upon an erroneous conclusion of law." *United Parcel Serv., Inc. v. People's Counsel for Baltimore County,* 336 Md. 569, 577, 650 A.2d 226 (1994). With regard to fact-based decisions, the court may not substitute its own judgment for that of the agency. *Prince George's County v. Brandywine Enterprises, Inc.,* 109 Md.App. 599, 619, 675 A.2d 585 (1996), *cert. granted,* 343 Md. 566, 683 A.2d 178 (1996) (citations omitted). "Nor is the reviewing court permitted to engage in judicial fact-finding or otherwise supply factual decisions that were not made by the zoning body." *Id.* Rather, a court should strive "to uphold the decision of the administrative agency, if there is any evidence which can be said to have made the issue for decision by the agency fairly debatable." *People's Counsel for Baltimore County v. Beachwood I Ltd. Partnership,* 107 Md.App. 627, 637, 670 A.2d 484 (1995)(hereinafter *Beachwood I* ). On the other hand, if the "reviewing court must determine whether the agency interpreted and applied the correct principles of law governing the case[,] . . . no deference is given to a decision based solely on an error of the law; the court may substitute its own judgment." *Lee v. Maryland Nat'l Capital Park and Planning Comm'n,* 107 Md.App. 486, 492, 668 A.2d 980 (1995) (citation omitted).

Here, we must determine whether, as an appellate forum, the District Council owed deference to the fact finding

and conclusions flowing therefrom of the Planning Board. In finding that it did, we refer, for guidance, to *Beachwood I,* the only reported opinion that deals with a similar issue.

In *Beachwood I,* speaking for this Court, Judge Moylan held that, when a Board of Appeals reviews the comprehensive rezoning effected by a County Council, the Board of Appeals must give deference to the County Council's zoning decisions. As a result, the Board of Appeals was confined to accepting the County Council's decision, unless the code delegated to it the power to make a change in zoning reclassification. We went on to advise the Board of Appeals that, under the circumstances, it had original and exclusive jurisdiction to effect zoning reclassification only if it found one of two possible preconditions satisfied, as dictated by the Baltimore County Code, § 602(e). If the Board of Appeals had had supervisory or appellate jurisdiction over the comprehensive zoning decisions of the County Council, it could have reviewed the County Council's actions to determine whether the zoning had been "arbitrary, capricious, discriminatory or illegal." *Beachwood I,* 107 Md.App. at 649, 670 A.2d 484.

Similarly, here, if the District Council had original jurisdiction over this matter, it could exercise that power. Because we find, however, that the review power of the District Council was not unlimited original jurisdiction, it was confined to exercise its appellate jurisdiction when it reviewed the Planning Board's decision.[3]

■ The State statute gives the Planning Board original jurisdiction to administer the subdivision regulations and gives the District Council the authority to hear appeals, if the County chooses to create an appellate process. Since the District Council does not have the power to create the cause but, instead, hears the cause to correct and revise proceedings already instituted, it does not exercise original jurisdiction.

---

**3.** We do not decide the impact of the newly enacted ordinance giving the District Council original jurisdiction since, as we later explain, we find that it could not have been applied to this case.

*Marbury v. Madison,* 5 U.S. (1 Cranch) 137, 175, 2 L.Ed. 60, 73 (1803); *United Parcel Serv. Inc.* 336 Md. at 590, 650 A.2d 226. Further, the Prince George's County Code has not expressly granted original jurisdiction for subdivisions to the District Council.[4] *Id.* at 590–91, 650 A.2d 226 (Board of Appeals has original jurisdiction only when such power has expressly been given by county code. To hold otherwise would allow the Board to take the place of numerous administrative agencies and departments). Because we hold that the District Council exercises only appellate jurisdiction in this matter, we must determine the extent of that appellate power.

The District Council points out that the appellate power granted by the General Assembly contains no restrictions and provides no grant of deference. Further, when the County codified its appellate process, it also did not specify a standard of review. The District Council asserts that the language in the code clearly reserves to the District Council the jurisdiction to make the final decision. We disagree.

Section 7–117 of the RDA does not give the District Council authority to make a final decision with regard to subdivision plat approval; it provides the District Council only with the authority to review a final decision of the Planning Board. The plain language of the statutes and the code indicates that the District Council is powerless to review a Planning Board's decision unless an applicant or a party of record appeals the Planning Board's decision. Until an appeal is filed, the District Council has *no authority* to examine the Planning Board's decision, much less make the final decision. If the General Assembly had wanted the District Council to have greater authority with respect to subdivisions, it would not have given the Planning Board *original* jurisdiction and limited the District Council to hearing appeals. If the legislature had wanted the District Council to have the authority to make

---

4. If an ordinance did exist, we would strongly question its validity, since it would appear to contradict the exclusive jurisdiction given to the Planning Board by public general law. *See Prince George's County v. Maryland–Nat'l Capital Park and Planning Comm'n,* 269 Md. 202, 306 A.2d 223 (1973) (public general laws supercede local law).

the final decision in this matter, it would have permitted the County to develop the same scheme for Planning Board decisions as it did with the ZHE's authority in special exception cases. It chose to do otherwise.

We find further support for our conclusion that the trial court properly determined that the District Council misperceived its authority and erred by applying the wrong standard of review when it heard the appeal, in the statutory scheme set out by the General Assembly. In interpreting the statutes, "we assume that the words used have their ordinary and natural meaning," *Rettig v. State,* 334 Md. 419, 423, 639 A.2d 670 (1994) (citations omitted), and give "meaning to all parts of a statute." *Lee,* 107 Md.App. at 494, 668 A.2d 980. We "read all parts of [the] statute together, with a view toward harmonizing the various parts and avoiding both inconsistencies and senseless results that could not reasonably have been intended by the Legislature." *Barr v. State,* 101 Md. App. 681, 687, 647 A.2d 1293 (1994).

The statutory provisions applicable to our discussion are Art. 28, §§ 7–115(a), 7–116(a), 7–116(g) and 7–117. Section 7–115(a) confers original jurisdiction on the Planning Board to approve subdivision plats by stating that "no plat of any subdivision of land ... shall be admitted ... or received or recorded ... until the plat has been submitted to and approved by the Commission [the Planning Board]." Section 7–116(a) authorizes the governing body of Prince George's County to adopt "regulations and amendments governing the subdivision of land," but, in so doing, the Legislature limited the power of the governing body (County Council) because it may "not affect in any manner the administration of the regulations by the Commission [the Planning Board] or its functions under § 7–115...." Section 7–116(g) provides for an appeal from a "final action by the Commission on any application for the subdivision of land ... to the circuit court." Finally, § 7–117 allows Prince George's County to provide for an intermediate appeal to the District Council in its subdivision regulations.

A plain reading of these statutes indicates that the County Council does not have unlimited and unrestricted power to approve regulations and amendments governing the subdivision of land. Rather, the District Council must take care that it does not interfere with the administration of the regulations or the functions of the Planning Board, as outlined in § 7–115. Further, a reading of §§ 7–116(g) and 7–117 makes it clear that the General Assembly contemplated that the Commission's action on a plat application would be "final" for original jurisdiction purposes, subject only to a timely appeal to the circuit court. The Legislature also provided for an intermediate administrative appeal to the District Council, if provided for by the regulations of Prince George's County. This intermediate process contemplated by § 7–117, however, does not expressly or impliedly render the Commission's "final action" under § 7–116(g) less of an exercise of original jurisdiction. Reading the statutes as suggesting that the District Council has original jurisdiction in its intermediate appeal would be inconsistent with the ordinary and natural meaning of the words of the statutes, and would lead to a result that could not have been intended by the Legislature.

We find that the District Council acted contrary to its statutorily defined power. It should have paid homage to the wishes of the General Assembly and given deference to the Planning Board's decision, except as to matters of law. The District Council

> may not substitute its judgment for that of the [Planning Board], even if it, had it been so empowered, might have made a diametrically different decision. The circumstances under which it may overturn or countermand a decision of the [Planning Board] are narrowly constrained. It may never simply second guess.

*Beachwood I,* 107 Md.App. at 638, 670 A.2d 484. As an administrative agency with appellate jurisdiction, the District Council should have used its power to "determine whether the action of the [Planning Board] was 'arbitrary, capricious, discriminatory or illegal.'" *Id.* at 648–49, 670 A.2d 484 (quot-

ing *Ark Readi–Mix Concrete Corp. v. Smith,* 251 Md. 1, 4, 246 A.2d 220 (1968) (citations omitted)).

 While we find that the circuit court correctly determined that the District Council applied the wrong standard of review, we hold that the circuit court erred by reinstating the Planning Board's decision. The appropriate course of action would have been to remand the case to the District Council so that it could decide the appeal after applying the correct standard of review. We, therefore, remand this case to the circuit court for further remand to the District Council so that it may hear the appeal "comporting with the legal principles explained herein." *Colao,* 109 Md.App. at 475, 675 A.2d 148.

As a result of our decision to affirm and remand, we do not address the District Council's claim that the circuit court erred in finding that there was no record evidence to support its decision. Since the District Council's decision applied the wrong standard of review, and we are remanding the case to allow the District Council an opportunity to decide the issue using the correct standard of review, this issue is premature.

## II.

 The final issue raised on appeal is whether the circuit court erred by failing to apply an arguably applicable ordinance revision enacted after the jurisdiction of the court was invoked, but before a decision by the circuit court. While the matter was pending before the circuit court, the County Council adopted CB–76–1996 to amend § 27–132 of the Prince George's County Code to clarify that "all appeals to the District Council are an exercise of original jurisdiction." The District Council argues that the circuit court should have applied this ordinance, retrospectively, in its consideration of the administrative appeal. The rules governing retroactivity are easy to state, but difficult to apply. *Holland v. Woodhaven Bldg. and Dev. Inc.,* 113 Md.App. 274, 283, 687 A.2d 699 (1996). Generally, we presume that a statute operates "prospectively from its effective date absent a clear expression of legislative intent that the statute is to be applied retroactive-

ly." *Id.*; *see also WSSC v. Riverdale Heights Volunteer Fire Co. Inc.*, 308 Md. 556, 568, 520 A.2d 1319 (1987). Retroactive application may then be applied in pending cases in which the statute changes procedure only and procedures have not concluded. *Holland,* 113 Md.App. at 287, 687 A.2d 699.

The District Council urges that, in this case, the circuit court should have considered CB–76–1996 because it did not affect any substantive rights and did not change procedure, except for the conclusive effect of the District Council's decision on an appeal. We find this argument unpersuasive and find as we did in *Holland* that

> regardless of whether [CB–76–1996] is characterized as affecting substantive rights or as changing procedure only, it does not operate retroactively to confer [original jurisdiction] upon the protestants. [CB–76–1996] does not state whether it is to be applied retroactively, but merely provides it is to take effect [forty-five days after its adoption]. Accordingly, under the general rule provided in *Riverdale Fire Co.,* [CB–76–1996] is to be applied prospectively from its effective date.

*Id.* at 287–88, 687 A.2d 699. As such, we hold that the circuit court did not err when it refused to apply CB–76–1996 retrospectively.

**JUDGMENTS AFFIRMED IN PART AND REVERSED IN PART. CASE REMANDED TO THE CIRCUIT COURT FOR PRINCE GEORGE'S COUNTY WITH INSTRUCTIONS TO REMAND TO THE DISTRICT COUNCIL FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS DECISION.**

**COSTS TO BE PAID BY APPELLANTS.**