REPORTED

IN THE COURT OF SPECIAL APPEALS

OF MARYLAND

Nos. 259 and 265

September Term, 2013

---

COUNTY COUNCIL OF PRINCE GEORGE'S
COUNTY, MARYLAND, SITTING AS
DISTRICT COUNCIL

v.

ZIMMER DEVELOPMENT COMPANY

---

Hotten,
Berger,
Moylan, Charles E., Jr.
    (Retired, Specially Assigned),

JJ.

---

Opinion by Berger, J.

---

Filed: May 28, 2014

This case involves an administrative appeal from a zoning dispute. The Prince George's County Planning Board of the Maryland-National Capital Park and Planning Commission ("Planning Board") approved the Comprehensive Design Plan ("CDP") and Specific Design Plan ("SDP") of appellee, Zimmer Development Company ("Zimmer"), to construct a retail center. Thereafter, the County Council of Prince George's County, sitting as the District Council (the "District Council"),[1] reversed the decision of the Planning Board. Zimmer petitioned the Circuit Court for Prince George's County for judicial review. The circuit court reversed the decision of the District Council and reinstated the Planning Board's approval of Zimmer's CDP and SDP.

On appeal, the District Council presents four questions for our review, which we rephrase as follows:

> 1. Whether Zimmer had the requisite standing to maintain a petition for judicial review in the Circuit Court for Prince George's County.
>
> 2. Whether the District Council is vested with appellate jurisdiction or original jurisdiction over zoning issues.
>
> 3. Whether the District Council exceeded the scope of its authority when it reviewed matters other than the issues identified for remand.
>
> 4. Whether the District Council erred in expanding its consideration of CDP-1001 and SDP-1001 beyond

---

[1] Although the County Council and the District Council are comprised of the same elected officials, each performs distinct functions. Specifically, the District Council is tasked with making discrete land use decisions, while the County Council carries out the general legislative functions of the Prince George's County government. *See Cnty. Council of Prince George's Cnty. v. Dutcher*, 365 Md. 399, 403, n.1 (2001).

determining whether the Planning Board's approval was
arbitrary, capricious, discriminatory, or illegal.

For the reasons that follow, we affirm the judgment of the Circuit Court for Prince George's County.

## FACTUAL AND PROCEDURAL BACKGROUND

The disputed property (the "Edwards Property") is a triangular 4.14 acre property that is zoned for retail as a Local Activity Center Zone (L-A-C Zone).[2] The Edwards Property abuts Adelphi Road, Edwards Way, and Riggs Road in Prince George's County along Maryland Route 212 (Powder Mill Road).

Zimmer is a national real-estate developer with its headquarters located in Wilmington, North Carolina. Zimmer proposes to construct a retail center located on the Edwards Property, which will be anchored by a CVS.

Approval or denial of a proposed zoning plan begins with the Planning Board. The Planning Board requires that an applicant obtain three approvals: 1) a Comprehensive Design Plan ("CDP");[3] 2) a Preliminary Plan of Subdivision ("PPS");[4] and 3) a Specific Design Plan ("SDP").[5] On March 14, 2011, Zimmer filed Comprehensive Design Plan-1001 ("CDP-

_____

[2] Prior to 2004, the property was zoned R-R (Rural Residential).

[3] The CDP details the overall design of the planned site. *See* Prince George's County Code (hereinafter "PGCC") § 27-518.

[4] The PPS is not at issue in this appeal.

[5] The SDP details the specific plans for the planned site. *See* PGCC § 27-527.

2

1001") and Specific Design Plan-1001 ("SDP-1001") with the Planning Board as part of its application to build the retail center. The Planning Board accepted CDP-1001 and SDP-1001 for joint review. The Planning Board formally reviewed the plans at a public hearing on July 28, 2011 and subsequently approved both CDP-1001 and SDP-1001.

Despite the Planning Board's approval of Zimmer's application, the District Council, nevertheless, elected to exercise its discretion, pursuant to Prince George's County Code (hereinafter "PGCC") § 27-523(a) and § 27-528.01(b), to "call-up" the case for review by the District Council.[6] On November 7, 2011, the District Council held a public hearing and entertained oral argument regarding CDP-1001 and SDP-1001. One week after the hearing, the District Council issued an order remanding the case to the Planning Board to reconsider three issues ("the three remand issues").

Specifically, the Planning Board was directed to "reconsider its decision in light of the [following] reasons," namely: 1) whether the lack of a community center on the Edwards Property could be "mitigated through amenities benefitting the surrounding community";

---

[6] Typically, appeals from the Planning Board's decisions are effectuated by an interested party filing an appeal to the District Council. *See* PGCC § 27-523(a) and PGCC § 27-528.01(a). In some cases, however, the District Council may elect to "call-up" (as it is colloquially known) a case for review by the District Council. The District Council's authority to "call-up" a case is embodied in PGCC § 27-523(a) and § 27-528.01(b). *See* PGCC § 27-523(a) ("The District Council may vote to review the Planning Board's decision [regarding a CDP] on its own motion within (30) days after the date of the notice."); PGCC § 27-528.01(b) ("The District Council may vote to review the Planning Board's decision on a [SDP] on its own motion within thirty (30) days after the date of the notice of the Planning Board's decision.").

3

2) whether the proposed location of replacement trees to mitigate "the loss of the existing tree canopy" was sufficient; and 3) "whether access for Edwards Way residents can be improved, to compensate for the increases in traffic to and from the [Edwards] Property."

On February 9, 2012, the Planning Board held a hearing for the express purpose of considering the three remand issues. Approximately four weeks after the hearing, the Planning Board issued an amended resolution. Satisfied with Zimmer's proposed solutions to the three remand issues, the Planning Board again approved Zimmer's application.[7]

After the Planning Board's second approval of Zimmer's application, the District Council exercised its authority to "call up" the case for a second time. On May 21, 2012, the District Council heard oral argument. Approximately thirty days later, the District Council issued a written opinion reversing the decision of the Planning Board and again denying Zimmer's applications for both CDP-1001 and SDP-1001. In support of its decision, the District Council set forth fourteen specific grounds for denying Zimmer's application.

As a result of the denial of its application, Zimmer filed a petition for judicial review in the Circuit Court for Prince George's County.[8] The circuit court held a hearing on January 11, 2013.

---

[7] The Planning Board adopted amended resolutions re-approving CDP-1001 and SDP-1001 on March 8, 2012.

[8] Zimmer appealed the denial of CDP-1001 and SDP-1001 separately. The cases were subsequently consolidated.

On March 15, 2013, the circuit court, through a comprehensive written opinion, reversed the District Council.[9] In its memorandum opinion, the circuit judge first concluded that Zimmer had the requisite standing to seek judicial review. Specifically, the circuit court concluded that Zimmer is not "doing business" in Maryland and, therefore, is not subject to Maryland's laws governing unregistered foreign companies.[10]

Next, the circuit court concluded that the District Council exercised appellate jurisdiction from the Planning Board and not original, *de novo*, jurisdiction. The circuit court found that "the [District] Council's authority is limited to appellate review of the Planning Board's decisions" and that its "authority is limited to determining whether the Planning Board's decision was arbitrary, capricious, discriminatory, or illegal." As such, the circuit court judge found that the District Council is prohibited from "second guessing" the Planning Board's judgment, absent a showing that the Planning Board's decision was arbitrary, capricious, discriminatory, or illegal.

The circuit court further found that the District Council was limited in its review to the three remand issues. As a result, the circuit court held that the District Council improperly exceeded the scope of its review. Specifically, the circuit court noted that "it was improper for the [District] Council to expand its review in the second 'call-up' to consider

---

[9] Although we "look[] through the circuit court's . . . decision and evaluate[] the decision of the agency," *People's Counsel v. Surina,* 400 Md. 662, 681 (2007), we, nevertheless, set forth the circuit court's detailed analysis and conclusions.

[10] This requirement is embodied in Maryland Code (1975, 2007 Repl. Vol.) § 4A-1002(a) of the Corporations and Associations ("C.A.") Article.

new issues outside the scope of remand and that were never even discussed at oral argument."

Finally, the circuit court considered the District Council's fourteen reasons for denying Zimmer's application. The circuit court observed that only two of the fourteen stated reasons for denial were raised in the District Council's initial order of remand. After reviewing each of the fourteen grounds for denying Zimmer's application, the circuit court further observed that none of the District Council's grounds for denial were supported by substantial evidence. As such, the circuit court reversed the decision of the District Council and reinstated the Planning Board's approval of CDP-1001 and SDP-1001.[11]

This timely appeal followed. We shall recite the relevant standard of review in the applicable section of our "Discussion," *infra*.

## DISCUSSION

### I.

The District Council first contends that the circuit court lacked subject matter jurisdiction over the action. Specifically, the District Council argues that, because Zimmer does not own property or operate a business in Prince George's County, it is not a "person" under Maryland law whose interests are subject to judicial review. As such, the District

---

[11] The District Council's appeal from the circuit court's order reinstating the Planning Board's approval of SDP-1001 is identified as case no. 265 in the Court of Special Appeals. The District Council's appeal from the circuit court's order reinstating the Planning Board's approval of CDP-1001 is identified as case no. 259.

6

Council asks us to remand this case with an order instructing the circuit court to dismiss the action for lack of subject matter jurisdiction.

Zimmer maintains that the District Council failed to raise this issue before the circuit court and, therefore, the issue is not preserved for our review. Zimmer claims that the District Council's subject matter jurisdiction argument "is a thinly veiled [] attempt to pursue a standing challenge that it failed to preserve below." Indeed, Zimmer contends that the only standing argument advanced by the District Council was entirely unrelated to the argument it presents on appeal. Zimmer further argues that, assuming *arguendo*, this issue is somehow preserved for our review, Zimmer has the requisite standing to challenge the District Council's decision. We agree with Zimmer that this issue concerns one of standing and further agree that it is not preserved for our review.

Maryland Rule 8-131(a) expressly provides that we normally will not decide an issue "unless it plainly appears by the record to have been raised in or decided by the trial court." Maryland Rule 8-131(a). The Court of Appeals has regularly held that "the primary purpose of Rule 8–131(a) is to ensure fairness for all parties in a case and to promote the orderly administration of law." *Elliott v. State*, 417 Md. 413, 434 (2010) (quoting *State v. Bell*, 334 Md. 178, 189 (1994)).

"Lack of subject matter jurisdiction may be raised at any time, including initially on appeal" and "the issue of subject matter jurisdiction need not be raised by a party, but may be raised by a court *sua sponte*." *Dutcher*, *supra*, 365 Md. at 405. The preservation rule,

7

however, clearly applies to standing issues and "[w]e ordinarily do not decide issues of standing not raised in the trial court." *Garner v. Archers Glen Partners, Inc.*, 405 Md. 43, 55 (2008); *see also Dorsey v. Bethel A.M.E. Church*, 375 Md. 59, 71 (2003) ("[A]ny dispute concerning [a party's] standing should have been raised and litigated in the [c]ircuit [c]ourt, not the Court of Special Appeals.").

At the outset, we agree with Zimmer that the issue advanced before us by the District Council is one of standing, not subject matter jurisdiction. The District Council admits as much in its brief as it repeatedly refers to the issue as one of standing, including arguing that "Zimmer had no standing to seek a petition for judicial review." Moreover, Maryland Code (2012) § 22-407 of the Land Use Article ("L.U."), which governs judicial review of decisions of the District Council, clearly contemplates standing, not subject matter jurisdiction.

Turning to the substantive merits of the District Council's argument, the record before us clearly reflects that the District Council failed to raise the issue of Zimmer's standing under L.U. § 22-407 in the circuit court. Although the District Council argued that Zimmer lacked standing in the circuit court, the District Council's standing argument was expressly premised under Maryland Code (1975, 2007 Repl. Vol.) § 4A of the Corporations and Associations ("C.A.") Article, not L.U. § 22-407. Specifically, the District Council argued that Zimmer was in violation of C.A. § 4A-1002(a), which requires that, before doing business in Maryland, "a foreign limited liability company shall register with the [Maryland

8

State Department of Assessment and Taxation]." *See* C.A. § 4A-1002(a). Indeed, the record is devoid of any argument before the circuit court related to L.U. § 22-407.

Ultimately, the District Council failed to raise the issue of Zimmer's standing based on L.U. § 22-407 before the circuit court. The District Council failed to challenge Zimmer's standing based on L.U. §22-407, and because the District Council now bases its standing argument on L.U. § 22-407, the issue is not preserved for our review. As such, inasmuch as the question is one of standing -- and not of subject matter jurisdiction -- and because the issue was not raised before the circuit court, the District Council's standing argument is not preserved for our review on appeal.

## II.

The District Council next contends that the circuit court improperly determined that the District Council's review of the Planning Board is limited to that of appellate jurisdiction and not original, *de novo*, jurisdiction. The District Council maintains that the circuit court erred in applying the reasoning of *Cnty. Council of Prince George's Cnty. v. Curtis Regency*, 121 Md. App. 123 (1998), to this case. Specifically, the District Council argues that *Curtis Regency* is inapplicable to the case at bar because the holding of *Curtis Regency* is limited to that of subdivisions, not zoning issues. As shall be discussed, we hold that the District Council is vested with appellate jurisdiction and not original, *de novo*, jurisdiction. We further hold that the circuit court did not err in applying the reasoning of *Curtis Regency* to this case.

**A.    Standard of Review**

In reviewing the decision of an agency, we "look[] through the circuit court's . . . decision[], although applying the same standards of review, and evaluate[] the decision of the agency." *People's Counsel v. Surina,* 400 Md. 662, 681 (2007).  We are "limited to determining if there is substantial evidence in the record as a whole to support the agency's findings and conclusions, and to determine if the administrative decision is premised upon an erroneous conclusion of law." *Hamza Halici v. City of Gaithersburg*, 180 Md. App. 238, 248 (2008) (internal quotation marks and citations omitted).

When applying the "substantial evidence" test, a reviewing court must decide"whether a reasoning mind reasonably could have reached the factual conclusion the agency reached." *Layton v. Howard Cnty. Bd. of Appeals*, 399 Md. 36, 48-49 (2007) (internal quotation omitted).  "In applying the substantial evidence test . . . [we] must review the agency's decision in the light most favorable to the agency, since decisions of administrative agencies are *prima facie* correct and carry with them the presumption of validity." *Pollock v. Patuxent Inst. Bd. of Review*, 374 Md. 463, 476-77 (2003).  "Furthermore, not only is the province of the agency to resolve conflicting evidence, but where inconsistent inferences from the same evidence can be drawn, it is for the agency to draw the inferences." *Id.* at 477 (citations and internal quotations omitted).

"We are less deferential in our review, however, of the legal conclusions of the administrative body and may reverse those decisions where the legal conclusions reached by

that body are based on an erroneous interpretation or application of the [applicable] statutes, regulations, and ordinances . . . . " *Surina*, *supra*, 400 Md. at 682 (internal quotations omitted). "When determining the validity of those legal conclusions reached by the [administrative] body, however, 'a degree of deference should often be accorded the position of the administrative agency' whose task it is to interpret the ordinances and regulations the agency itself promulgated." *Id.* (internal citations omitted). Thus, "[e]ven though the decision of the Board of Appeals was based on the law, its expertise should be taken into consideration and its decision should be afforded appropriate deference in our analysis of whether it was 'premised upon an erroneous conclusion of law.'" *Id.* at 682-83 (internal citations omitted). Finally, in an administrative appeal, the appellant bears the burden of establishing an error of law or that the agency's final decision was not supported by substantial evidence. *Taylor v. Harford Cnty. Dep't of Soc. Servs.*, 384 Md. 213, 222-23 (2004).

## B.     Jurisdiction of the District Council

The District Council argues that it is vested with original jurisdiction and that it is not limited in the scope of its review to the standard of review for appellate jurisdiction. The District Council further maintains that the circuit court improperly relied upon *Curtis Regency* in rendering its decision. Specifically, the District Council contends that the application of *Curtis Regency* is limited to that involving subdivisions and does not extend to zoning matters, such as the case before us.

11

The Maryland Regional District Act (the "RDA") was enacted by the General Assembly to empower Prince George's County to create zoning enabling legislation. *Cnty. Council of Prince George's Cnty. Council v. Billings*, 420 Md. 84, 96 (2011) (quoting *Prince George's Cnty. v. Ray's Used Cars*, 398 Md. 632, 635–36 (2007)). The RDA specifically provides for the creation of a county Planning Board. L.U. § 20-202(a)(1). The RDA further provides that the Planning Board:

> (i)  "*is responsible for planning, subdivision, and zoning functions that are primarily local in scope*; and
>
> (ii)  shall exercise, within the county planning board's jurisdiction, the following powers:
>
>> 1.  Planning;
>>
>> 2.  *Zoning*;
>>
>> 3.  Subdivision;
>>
>> 4.  Assignment of street names and house numbers; and
>>
>> 5.  Any related matter.

L.U. § 20-202(a)(1). (Emphasis added).

The District Council, pursuant to PGCC § 27-523,[12] is *only* authorized to affirm, reverse, or modify the decision of the Planning Board, or to return the case to the Planning Board to take further testimony.[13] Indeed, the District Council is expressly limited in its consideration to "the facts and information contained within the record made at the hearing before the Planning Board." PGCC § 27-523(c). In our view, based on the testimony, documents, and evidence presented at the hearing before the Planning Board, the District Council is limited to determining whether the Planning Board's decision was "arbitrary, capricious, discriminatory, or illegal." *See Curtis Regency*, *supra*, 121 Md. App. at 137-38.

Indeed, if the District Council were vested with *de novo* review, the Planning Board's legal responsibility to engage in fact finding would be rendered meaningless.[14] The Planning Board's thorough evidentiary process could be simply discarded in favor of the review by the District Council, which neither conducts its own evidentiary hearing nor develops its own

---

[12] We note that PGCC § 27-523 governs CDPs and not SDPs. PGCC § 27-528.01, which governs the review of SDPs, provides that: "[i]n reviewing the [SDP], the District Council shall follow the procedures as set forth for the review of [CDPs] in Section 27-523 as modified in this Section and findings as set forth in Section 27-528." Therefore, the procedures used by the District Council to review SDPs are the same as the procedures used by the District Council to review CDPs.

[13] PGCC § 27-523(d) provides that "[w]ithin sixty (60) days after the close of the [District] Council's hearing, the [District] Council *shall affirm, reverse, or modify the decision of the Planning Board*, or return the Plan to the Planning Board to take further testimony or reconsider its decision." (Emphasis added).

[14] PGCC § 27-522(a) expressly provides that: "[t]he Planning Board may approve, approve with modification, or disapprove the [CDP]." Similarly, PGCC § 27-528 grants the Planning Board the power to consider preliminary approvals of SDPs.

13

record. Further, the Planning Board's decision is final if no appeal is taken from the decision of the Planning Board. *See* PGCC § 27-523(d) ("If the [District] Council fails to act within the specified time, the Planning Board's decision is automatically affirmed.").

The District Council argues that the circuit court erred in extending our reasoning in *Curtis Regency* to include zoning issues. In *Curtis Regency*, the Planning Board preliminarily approved a subdivision plat proposed by Curtis Regency Service Corporation and Rose Valley Limited Partnership ("Curtis Regency"). *Id.* at 126. A local citizens' group appealed the Planning Board's decision to the District Council, which reversed the approval by the Planning Board. *Id.* Curtis Regency subsequently sought judicial review of the District Council's decision. *Id.* The circuit court reversed the decision of the District Council and reinstated the Planning Board's approval of the subdivision plat submitted by Curtis Regency. *Id.*

On appeal, we concluded that the District Council possessed appellate jurisdiction, not original jurisdiction, over subdivision matters. *Id.* at 135. The District Council, therefore, "acted contrary to its statutorily defined power" and should have "given deference to the Planning Board's decision, except as to matters of law." *Id.* at 137. We expressly held that "the District Council should have used its power to determine whether the action of the [Planning Board] was 'arbitrary, capricious, discriminatory or illegal.'" *Id.* at 137-38 (citing *People's Council for Baltimore Cnty. v. Beachwood Ltd. P'ship*, 107 Md. App. 627, 648-49 (1995)) (internal quotation marks omitted). Moreover, we reasoned that "[s]ince the District

14

Council does not have the power to create the cause, but, instead, hears the cause to correct and revise proceedings already instituted, it does not exercise original jurisdiction." *Id.* at 134. Rather, the District Council is "confined to exercise its appellate jurisdiction." *Id.* Indeed, in concluding that the District Council is vested with appellate jurisdiction, we observed that the District Council

> may not substitute its judgment for that of the [Planning Board], even if it, had it been so empowered, might have made a diametrically different decision. The circumstances under which it may overturn or countermand a decision of the [Planning Board] are narrowly constrained. It may never simply second guess.

*Id.* at 137 (quoting *Beachwood I*, *supra*, 107 Md. App. at 638).

In the instant case, the District Council fails to provide any legal support for its contention that *Curtis Regency* applies only to subdivision issues, not zoning issues. Instead, the District Council baldly sets forth the applicable standard of review that courts use to evaluate agency decisions and argues that its determinations are entitled to deference. We are unpersuaded. Indeed, nowhere in *Curtis Regency* do we suggest that the case be limited to subdivision matters. In fact, we broadly framed the issue in that case as "whether, as an appellate forum, the [District] Council owed deference to the fact finding and conclusions flowing therefrom of the Planning Board." *Id.* at 133-34. We did not then -- nor do we now -- expressly limit our holding in *Curtis Regency* to cases involving subdivisions.

15

The District Council subsequently amended the PGCC in an effort to grant itself original jurisdiction.[15]  Specifically, PGCC § 27-132(f) provides:

> (f) Jurisdiction.
>
> > (1)  In deciding an appeal to the District Council, . . . *the [District] Council shall exercise original jurisdiction.*
> >
> > (2)  For any appeal or review of a decision made by . . . the Planning Board, the [District] Council may, based on the record, approve, approve with conditions, remand, or deny the application.

PGCC § 27-132(f) (emphasis added).

In *Curtis Regency*, however, we expressly observed that, if the District Council were to adopt an ordinance such as PGCC § 27-132(f), "we would strongly question its validity, since it would appear to contradict the exclusive jurisdiction given to the Planning Board by public general law."  *Curtis Regency*, *supra*, 121 Md. App. at 135, n. 4 (citing *Prince George's Cnty. v. Maryland-Nat'l Capital Park and Planning Comm'n*, 262 Md. 202 (1973)).  "The RDA, being a public general law, circumscribes what implementing local

___

[15] It is noteworthy that the District Council only references PGCC § 27-132(f) in passing in its brief.  In both instances, the District Council references PGCC § 27-132(f) for the proposition that the District Council is only authorized to approve, approve with conditions, remand, or deny CDP-1001 and SDP-1001 based on the record established before the Planning Board.  Inexplicably, however, the District Council fails to reference PGCC § 27-132(f) as grounds in support of its argument that it possesses original jurisdiction over zoning disputes.  The District Council further failed to raise the applicability of PGCC § 27-132(f) in the hearing before the circuit court.

16

legislation the [District] Council may enact." *Dutcher*, *supra*, 365 Md. at 424. Indeed, "[t]he [District] Council is not empowered to augment the administrative appeal process beyond that provided for in [Maryland Code (1957, 1997 Repl.Vol.), Art. 28,] § 7–117."[16] *Id.* at 425. Moreover, the RDA "is the *exclusive source of zoning authority* in those areas of Prince George's County which it covers." *Cnty. Council of Prince George's Cnty. v. Brandywine Enterprises, Inc.*, 350 Md. 339, 342 (1998) (emphasis added).

A plain reading of the RDA reflects the unassailable conclusion that the General Assembly expressly empowers the Planning Board with the authority to administer "zoning functions that are primarily local in scope." L.U. § 20-202(a)(1)(I). The RDA further provides that zoning issues are subject to the Planning Board's jurisdiction. L.U. § 20-202(a)(1)(ii). Zimmer, therefore, suggests that PGCC § 27-132(f) is invalid because it is an attempt to use a local ordinance to contravene the state enabling act, the RDA. We agree.

The Bill Summary of the 1996 amendment provides that the District Council's purpose in enacting the amendment was to grant itself original jurisdiction based on its own independent understanding of its responsibility in examining zoning issues. The Bill Summary provides, in relevant part:

> [Section 27-132(f)] clarif[ies] what has *always been assumed and has historically been the [District] Council's practice regarding jurisdiction* of the [District] Council when hearing appeals. The bill states that when hearing an appeal from the

---

[16] The RDA was previously embodied at Maryland Code (1957, 1997 Repl.Vol.), Art. 28, §§ 1-101 through 8-127.

17

> Planning Board . . . the [District] Council is exercising original jurisdiction. This means that in deciding an appeal, [the District Council] may make the decision based on their own judgement [sic] rather than simply determining whether the [Planning Board] made an error of law or had before it substantial evidence to support its decision.

CB-76-1996, 1996 Leg. Sess. (Prince George's County Council 1996) (emphasis added).

The Bill Summary goes on to note that the District Council shall not accept new evidence:

> Tom Haller, representing the Chamber of Commerce, . . .asked for clarification regarding the ability of the [District] Council to accept new evidence under the provisions of this bill. Joyce Nichols, Principal Counsel to the District Counsel [sic], pointed out that the language [amended PGC Code § 27-132(f)] states that the decision of the [District] Council shall be based on the record.

The Bill Summary, therefore, explains that PGC Code Section 27-132(f) permits the District Council to substitute its judgment and decide the case differently from the Planning Board, but it must do so based on the record presented to the Planning Board.

Nevertheless, the District Council argues that it has "original jurisdiction" over appeals from Planning Board decisions. Critically, the District Council cannot grant itself original jurisdiction when the General Assembly has expressly entrusted the Planning Board with the authority to decide preliminary zoning issues. In enacting subsection (f) of PGCC § 27-132, the District Council *assumed* that it possessed original jurisdiction. In so doing, however, the District Council failed to consider the applicability of the RDA. Indeed, "*no custom, however long and generally it has been followed by officials of the State, can nullify*

18

*the plain meaning and purpose of a statute.*" *Smith v. Higinbothom*, 187 Md. 115, 132 (1946) (emphasis added). Although the District Council has long *assumed* that it possesses original jurisdiction, a plain reading of the RDA reflects that the Planning Board, not the District Council, is vested with original jurisdiction over zoning matters. The District Council simply cannot insert the magic words "original jurisdiction" and assume that such an amendment authorizes itself with original jurisdiction, especially in light of the provision's conflict with the RDA.

Moreover, the express provisions of the PGCC provide that: 1) the decision of the Planning Board is final if there is no appeal to the District Council; 2) the District Council is limited in its review to the facts and information established at the hearing before the Planning Board; and 3) the District Council is only authorized to affirm, reverse, or modify the decision of the Planning Board based on the record. Indeed, "the District Council does not have the power to create the cause, but, instead, hears the cause to correct and revise proceedings already instituted . . . ." before the Planning Board. *Curtis Regency*, *supra*, 121 Md. App. at 134.

Similarly, the Court of Appeals has acknowledged the internal inconsistency of Prince George's County's attempt to confer original jurisdiction on the District Council through the District Council's enactment of PGCC § 27-132(f). Specifically, Judge Harrell, writing for the majority in *Dutcher*, cogently observed as follows:

> PGCC § 27-132(f) . . . is not a subdivision regulation under
> PGCC subtitle 24, but rather a zoning regulation under PGCC

19

subtitle 27.  As such, we do not review PGCC § 27-132(f) here, *but do note that it is confusing and internally inconsistent* as regards the nature of the jurisdiction the District Council purports to exercise in matters addressed by [PGCC § 27-132(f)].

*Dutcher*, *supra*, 365 Md. at 411, n. 13.  The Court, in *Dutcher*, highlighted that the District Council grants itself "original jurisdiction" under PGCC § 27-132(f)(1), but, nevertheless, confines itself to examining the Planning Board's decision "based on the record . . . ."  PGCC § 27-132(f)(2). Indeed, it is inherently inconsistent for the District Council to grant itself "original jurisdiction" when it is limited to reviewing the record established before the Planning Board.

Taken together, the pertinent provisions of the PGCC, read in conjunction with the RDA, leads us to conclude that the District Council is vested with appellate jurisdiction, not original jurisdiction, over zoning matters.  As such, the District Council is limited to deciding whether the Planning Board's decision was "arbitrary, capricious, discriminatory, or illegal." *Curtis Regency*, *supra*, 121 Md. App. at 137-38.

**III.**

The District Council next contends that the circuit court erred in finding that the District Council was limited to reviewing the three remand issues when it "called-up" the case for a second time.  Moreover, the District Council asserts that it was proper for the District Council to expand its review beyond the three issues that were initially remanded to the Planning Board.  We disagree.

20

As mentioned, *supra*, PGCC § 27-523(c) expressly provides:

> The District Council shall schedule a public hearing on the appeal or review. *Testimony at the hearing shall be limited to the facts and information contained within the record made at the hearing before the Planning Board.*

PGCC § 27-523(c) (emphasis added). Thus, a simple reading of PGCC § 27-523(c) leads to the unassailable conclusion that the District Council must constrain its review of decisions of the Planning Board "to the facts and information contained within the record made at the hearing before the Planning Board." PGCC § 27-523(c).

In the instant case, the Planning Board approved CDP-1001 and SDP-1001 on September 15, 2011. Subsequently, the District Council "called-up" the case and, upon review of Zimmer's application, remanded the case to the Planning Board to expressly consider the three remand issues.[17] Satisfied with Zimmer's proposed solutions to the three remand issues, the Planning Board issued an amended resolution that specifically addressed each issue upon remand and again approved CDP-1001 and SDP-1001. As such, when the District Council exercised its discretion to "call-up" the case for a second time, it was limited to the three remand issues expressly considered by the Planning Board.

Clearly, therefore, when the District Council set forth its fourteen grounds for denying CDP-1001 and SDP-1001, it was acting outside its statutorily defined powers. Indeed, the

---

[17] As discussed *supra*, the Planning Board was instructed to expressly consider: 1) mitigating the removal of trees through other amenities; 2) the location of potential replacement trees; and 3) whether access to Edwards Road could be improved.

21

express terms of § 27-523(c) could not be any clearer. The District Council's scope of review is narrowly constrained to the facts and information presented at the hearing before the Planning Board. More fundamentally, however, the District Council was not authorized to set forth any grounds for denial other than the grounds specifically advanced before the Planning Board, namely, the three remand issues. Rather, the District Council was authorized to determine whether the Planning Board's approval of Zimmer's application was "arbitrary, capricious, discriminatory, or illegal." *Curtis Regency*, *supra*, 121 Md. at 137-38. Accordingly, the District Council erred, as a matter of law, in expanding its consideration of CDP-1001 and SDP-1001 beyond the scope of the three remand issues.

**IV.**

The District Council next argues that each of its fourteen grounds in support of its decision to deny Zimmer's application is supported by substantial evidence. In light of our holding in Part III of our "Discussion," this issue is moot. Critically, as addressed previously, the District Council -- as an appellate forum -- is limited to determining whether the decision of the Planning Board was "arbitrary, capricious, discriminatory, or illegal." *See Curtis Regency*, *supra*, 121 Md. at 137-38.

Accordingly, when the District Council exercised its discretion to "call-up" CDP-1001 and SDP-1001 for a second time, it was limited to determining whether the Planning Board's approval of CDP-1001 and SDP-1001 was "arbitrary, capricious, discriminatory, or illegal." *Id.* Clearly, therefore, when the District Council set forth additional grounds for reversing

22

the Planning Board, it was acting outside its statutorily defined power by substituting its judgment for that of the Planning Board. As such, the District Council erred -- as a matter of law -- in reversing the Planning Board and denying Zimmer's application.

**JUDGMENT OF THE CIRCUIT COURT FOR PRINCE GEORGE'S COUNTY AFFIRMED. APPELLANT TO PAY THE COSTS.**